EMERSON *v.* STATE OF INDIANA.

[No. 469S79. Filed February 20, 1970. Rehearing denied April 16, 1970.]

*Frank E. Spencer*, Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *William F. Thompson*, Deputy Attorney General, for appellee.

ARTERBURN, J.—Appellant was charged by affidavit with robbery and was found guilty as charged. Appellant's sole specification of error before this court concerns the manner in which his initial identity as the perpetrator of the crime was established at the trial.

The following excerpt from the direct examination of William Thornell, Jr., the victim of the robbery, serves as the basis for this appeal:

Q. Do you know Henry Emerson?
A. No, I don't.
Q. Do you see him here in Court?
A. Yes.
Q. Where is he?
> *Mr. Pleak:* I am going to object, your Honor, if he doesn't know the man, he has already testified he doesn't know him.
> *The Court:* Well, I guess knowing him is a mental calculation as far as whether you would know a person or. not, there are degrees, I suppose, of knowing.

He doesn't I don't think have to know the individual personally. Do you want to withdraw that question? *Mr. Brunt:* I will withdraw it.

Q. Do you see that man seated over there on the end next to his lawyer?

*Mr. Pleak:* I am going to object, your Honor, to the Prosecuting Attorney pointing to this man, pointing this man out, and move for a mistrial for the reason that it is improper for the Prosecuting Attorney to identify a man who hasn't taken the stand. It is a violation of his constitutional rights.

The trial court overruled appellant's objection and his motion for a mistrial. Following the overruling, the witness was not asked for an answer, and none was given. Following the objection, the State then proceeded to have the prosecuting witness recount the story of the robbery. He stated in substance that two "gentlemen" came up to his car and took his wallet and money and that one of them was the appellant Emerson. The defense objected again on the ground Emerson had not been identified. The court overruled the objection.

The witness then testified:

Q. "This Emerson you referred to in your last answer is he here in the court room?"

A. "Yes, he is."

Q. "Would you point him out, please?"

A. "He is the man over there (pointing to defendant)."

Appellant contends that he was prejudiced by the prosecuting attorney's conduct in directing the witness' attention to the appellant for the purpose of identification. We find no error.

Research discloses that the cases dealing with the precise point under consideration have been decided upon various theories and often upon facts peculiar to the particular case. Moreover these situations generally deal with alleged self-incrimination violations when the issue of identity is in doubt. See cases collected at 171 A. L. R. 1144.

In the early case of *People* v. *Gardner* (1894), 144 N. Y. 119, 38 N. E. 1003 a witness was called upon to identify the defendant. The witness was asked: "Would you know Mr. Gardner?" Answer: "I do not." Question: "Would you know him if you saw him?" Answer: "Yes sir." The court then directed the defendant to stand up and he was then identified by the witness. In holding that the defendant's rights were not violated the court stated:

> "He was bound to be in court, and in the presence of the jury, the recorder, and the witnesses who might be there. The recorder, the jurors, and the witnesses had the right to see him, and he had the right to see them. It was necessary that he should be identified as the person named in the indictment and charged with the crime. His mere standing up did not identify him with the alleged crime, and did not disclose any act connected with the crime. There was nothing on his person or in his appearance that in any way connected him with the crime, or furnished any evidence whatever of his guilt. Suppose he had come into court with his face veiled, could not the recorder compel him to remove the veil, that his face might be seen? Could he not compel him to remove his hat? to stand or sit in the prisoner's dock? *In the examination of the witness, could not the district attorney have pointed to the defendant and asked the witness whether he was the person he had seen with Mrs. Amos?* Instead of compelling the defendant to stand up, could not the recorder have directed the witness to go to the place where he was, and look at him with the view of identifying him? If all these things could be done without violating the rights of the prisoner, how is it possible to say that he was harmed, or that his constitutional right was invaded, by compelling him to stand up for the purpose of identification?" (Emphasis added)

In *Panzich* v. *United States* (9th Cir. 1933), 65 F. 2d 550 the court clerk requested the defendants to step forward as he read their names at the opening of the trial. This procedure was held not to be error even though the government's witnesses were present. See also: *Swingle* v. *United States* (10th Cir. 1945), 151 F. 2d 512.

In *Moore* v. *State* (Tex. Crim. App. 1968), 424 S. W. 2d 443 it was said:

"We know of no law which prohibits a court from requiring that a defendant sit at the counsel table with his attorney during the trial. Nor do we know of any law which prohibits state's counsel from pointing to a defendant in the courtroom and referring to his physical appearance in the presence of witnesses. No authority is cited by appellant in support of his motion. The motion is wholly without merit, and the ground of error is overruled."

As was noted in *Moore* v. *State, supra* the practical necessity of placing the appellant at the defendant's table with his counsel serves to set the defendant apart from the other persons frequenting the courtroom and would to this extent attract the witness' attention to the defendant and is suggestive.

It is the better practice to ask the witness to point out the person referred to in his testimony rather than point out the person for the witness if there is an issue of identity. But this does not mean that such conduct is per se prejudicial as a matter of law. In this respect the evidence as a whole must be considered. *Meriwether* v. *State* (1904), 63 Ga. 667, 11 S. E. 2d 816; 22a C. J. S. Criminal Law, § 652, p. 554. Jones on Evidence, 5th Edition § 903, p. 1691.

It is apparent from a survey of the record that appellant was not prejudiced by the nature of the question. The witness was asked, prior to the appellant being pointed out to him, whether he saw the appellant in the courtroom and he answered "Yes." Prior to this the witness had identified appellant's codefendant by pointing him out sitting at the defendant's table with counsel. Appellant was seated at the same table. Subsequent to the initial identification of appellant, the witness, throughout his testimony unhesitantly continued to refer to appellant as the prepetrator of the crime.

We point out that the state first asked the prosecuting witness "Do you know Henry Emerson?", to which the answer

was "No, I don't." A later question was "Do you see him here in Court?", to which the answer was "Yes." The next question asked the witness was to point him out, which was entirely proper. He answered, "He is the man over there." The objection was made to this last question, after the witness said he saw Henry Emerson in the courtroom. In common usage "knowing" a person and being able to "recognize" a person, by sight, have different connotations or meanings. In other words one may recognize a person without actually "knowing" him. It is conceivable that the witness attached such significance to the words involved and this being a trial before the court, without a jury, the judge, in making the ruling, and in considering the evidence, attached the same meanings to the words.

While we do not condone suggestive questions with reference to the identification of the prepetrator of the crime, we at the same time can find no prejudice resulting from the question asked under the circumstances here presented.

Judgment affirmed.

Hunter, C.J., Givan and DeBruler, JJ., concur; Jackson, J., dissents.

NOTE.—Reported in 255 N. E. 2d 532.