**Michael HOLLAND, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 979S251.**

Supreme Court of Indiana.

Nov. 13, 1980.

Sharon Carroll Clark, Gregg & Clark, Anderson, for appellant.

Theodore L. Sendak, Atty. Gen., John K. Silk, Deputy Atty. Gen. Indianapolis, for appellee.

PRENTICE, Justice.

The defendant (appellant) was convicted in a jury trial of Attempted Murder, a Class A Felony, Ind.Code §§ 35–41–5–1, 35–42–1–1 (Burns 1979), and Kidnapping, also a Class A Felony, Ind.Code § 35–42–3–2 (Burns 1979). Upon each verdict, the defendant was sentenced to a term of fifty (50) years imprisonment, the terms to run concurrently. This direct appeal presents the following issues:

(1) Whether the trial court erred in denying the defendant's motion for leave to reserve making opening statement, until the close of the State's case.

(2) Whether the victim's in–court identification of the defendant was improper.

(3) Whether the trial court erred in admitting certain exhibits into evidence.

(4) Whether the trial court erred in denying the defendant's motion for a mistrial, predicated upon a witness' volunteered statement of his reason for telephoning the police.

(5) Whether the verdicts were supported by sufficient evidence.

(6) Whether the trial court erred in placing the verdict forms in separate envelopes.

\*  \*  \*  \*  \*  \*

## ISSUE I

At the inception of the trial, the defendant moved for leave to reserve making his opening statement until after the State had presented its case. The trial court denied the motion, and error is assigned to that ruling.

In *Buise v. State*, (1972) 258 Ind. 321, 281 N.E.2d 93, we construed Ind.Code § 35–1–35–1 (Burns 1979) as not allowing a defendant a choice of when to present his opening statement; a defendant's opening statement must follow the State's, or it is waived. The defendant herein asserts that the rule compels the divulgence of defenses prior to the presentation of evidence. That is simply not the case for "[t]he degree to which [the defendant] discloses his defenses and trial strategy in that statement is left to his own choosing." *Candler v. State*, (1977) 266 Ind. 440, 448–49, 363 N.E.2d 1233, 1238. In *Candler*, we rejected an argument identical to the one advanced today. We are not persuaded by Defendant's argument that that decision should be overruled.

## ISSUE II

The defendant next contends that the in–court identification of him by the victim of the instant crimes was improper. The victim had been unable to identify the defendant from a pre–trial photographic display, but at trial, he clearly and unequivocally identified him as his assailant. The defendant submits that, under the circumstances, the in–court identification was unduly suggestive and, therefore, violative of due process. We disagree.

We have in the past recognized a certain suggestiveness inherent in all in–court identifications. *See Emerson v. State*, (1970) 253 Ind. 515, 255 N.E.2d 532. *See also Emerson v. State*, (1974) 261 Ind. 436, 305 N.E.2d 435; *Stinson v. State*, (1974) 262 Ind. 189, 313 N.E.2d 699. Yet, in light of the defendant's constitutional right to attend his own trial and confront the witnesses against him, that suggestiveness can not be avoided. Suggestiveness is proscribed, however, only when under the circumstances, it can reasonably be avoided. Here, no extraordinary effort was made to single out the defendant at trial, and the victim professed no doubt as to the identity of his assailant. That he had been unable to identify the defendant from the photographic display and, yet, was able to identify him at trial were matters of weight and credibility for the jury to consider.

The defendant's citation of *Gaddis v. State*, (1969) 253 Ind. 73, 251 N.E.2d 658 is not on point. In that case the suggestiveness occurred in a pre–trial confrontation and was highly suspect because of improper pressure applied by the State to induce the identification, both at the pre–trial confrontation and at trial.

## ISSUE III

The defendant contends that the trial court erred in admitting three (3) items into evidence: a photograph, a gun and the bullets taken from that gun. With reference to the photograph, the defendant asserted at trial that it was irrelevant because it depicted the scene of the attempted murder as that scene appeared some two (2) weeks after the commission of the crime, rather than at the moment of the occurrence. A further basis for the objection was that the photograph had been taken during the daylight hours, whereas the

crime occurred at night. We hold that there was no error in admitting the photograph into evidence.

The photograph was offered and admitted for a limited purpose: to allow the witnesses and the jury to orient themselves to the physical characteristics of the scene of the crime. It was neither offered, nor admitted as a representation of the scene as it existed at the time the crime occurred. As such, the photograph was relevant and therefore, admissible. Furthermore, the defendant can demonstrate no prejudice flowing from the admission of the photograph, in light of the admission of other photographs depicting the scene of the crime as it existed at night.

With reference to the gun and the bullets, the defendant again asserts that the items were irrelevant, because they were insufficiently connected to him and because the State had not established that the gun was the one fired at the victim. The trial court properly admitted these items into evidence.

■ An item is relevant if it has a logical tendency to prove a material fact. *Minton v. State*, (1978) Ind., 378 N.E.2d 639. Here, the gun had been found in the barn where the defendant and his accomplice had been apprehended. Thus, the items were relevant to show that the defendant had had access to a gun, which in turn had a logical tendency to prove that the defendant was the assailant.

## ISSUE IV

The defendant next contends that the trial court erred in denying his motion for a mistrial. The motion was made during the testimony of Everett Orebaugh, the owner of the barn within which the defendant and his accomplice had been captured. On direct examination, Orebaugh recited that he had come upon the two (2) men–had heard voices emanating from the barn and "I assumed it was the two men that had been looked for." At this point, the defendant objected upon the ground that the witness was stating an assumption. The objection was sustained and the witness was admonished not to state assumptions. The witness was then asked to relate what he had done after hearing the voices. Orebaugh responded that "If I hadn't assumed it was those people, I wouldn't have called the police." The defendant immediately moved for a mistrial, which was denied.

■ The statement of the witness, although reflecting a conclusion held by the witness, was merely an explanation of why he called the police. It had no clear potential to prejudice the defendant's interests and certainly did not place him in a position of *grave peril*, requiring the declaration of a mistrial under the guidelines of *White v. State*, (1971) 257 Ind. 64, 272 N.E.2d 312.

## ISSUE V

■ The defendant's contention that the evidence was insufficient to sustain the verdict is predicated upon the hypothesis that the in court identification of him by the victim was improper. Having determined that the identification was permissible, however, we need not further consider this issue.

## ISSUE VI

■ The defendant's final contention is that the trial court erred in placing the various verdict forms in two (2) envelopes. One (1) envelope contained all possible verdicts under Count I, Attempted Murder, while the other contained all possible verdicts under Count II, Kidnapping. He argues that, by placing the putative verdicts in two (2) envelopes, one (1) count was unduly emphasized to the exclusion of the other. We can not grasp how the trial court's action unduly emphasized either count, or how the defendant was prejudiced. In fact, the method employed appears to be a salutary means of avoiding confusion.

We find no error. The judgment is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.