Edward TAYLOR, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 4–1185A323.

Court of Appeals of Indiana,
Fourth District.

May 20, 1986.

Susan K. Carpenter, Public Defender, and Vickie Yaser, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., and Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Edward Taylor appeals the denial of his post-conviction relief petition, alleging the

trial court erred in finding his petition barred by the doctrine of laches because the State failed to prove any prejudice by his delay.

We reverse.

## FACTS

On October 20, 1972, Taylor pleaded guilty to the crime of theft and received an indeterminent sentence of one to five years. The sentence was suspended, and Taylor was ultimately placed on probation for two years. On October 22, 1973, a probation violation resulted in the revocation of Taylor's probation and execution of the previously suspended sentence.

On November 21, 1975—during his period of incarceration—Taylor filed a pro se motion for post-conviction relief by application for election of treatment as a drug abuser. Although Taylor admitted his signature appeared at the bottom of his 1975 motion for post-conviction relief, he claimed he did not recall signing the motion. Moreover, the docket sheet entry noted the 1975 motion was filed by State Public Defender Carr Darden, yet Taylor claimed he did not remember ever talking to Darden or anyone affiliated with the State Public Defender about the motion. The 1975 motion which sought a court ordered evaluation of Taylor's drug dependency by the Department of Mental Health was denied the same day it was filed.

On December 5, 1984, Taylor filed a second post-conviction petition alleging his 1972 guilty plea should be set aside. Specifically, Taylor claimed his plea of guilty was not knowingly, intelligently, and voluntarily entered because the record did not reveal Taylor was advised of his right to confront the witnesses against him. The State raised the affirmative defense of laches, stating Taylor unreasonably delayed seeking post-conviction relief and the State had been prejudiced by the delay. The post-conviction relief hearing revealed Taylor was currently being prosecuted on two charges of forgery as well as an information alleging he was a habitual offender.

The 1972 theft conviction was alleged to be one of the prior and unrelated offenses supporting the habitual offender count.

The trial court found that although the court in 1972 failed to advise Taylor that by pleading guilty he was waiving the right to confront and cross-examine witnesses, his claim for post-conviction relief was barred by the doctrine of laches. Taylor appeals, challenging whether his 1972 guilty plea was knowingly, voluntarily, and intelligently entered and whether he is barred by laches from raising this claim. The State, on the other hand, concedes Taylor's guilty plea was defective and it will have to be vacated unless laches applies. Thus, the sole issue before us is whether the trial court erred in finding the evidence sufficient to meet the State's burden of proving laches.

## DECISION

■ In *Twyman v. State* (1984), Ind., 459 N.E.2d 705, our supreme court defined laches, stating:

" '[Laches] is the neglect for an unreasonable length of time, under circumstances permitting diligence, to do what in law should have been done. It is an implied waiver arising from knowledge of existing conditions and an acquiescence in them, the neglect to assert a right, as taken in conjunction with the lapse of time, more or less great, and other circumstances causing prejudice to the other party and thus operating as a bar in a court of equity.' "

*Id.* at 712 (quoting *Frazier v. State* (1975), 263 Ind. 614, 335 N.E.2d 623). When the State raises the affirmative defense of laches to a petitioner's claim for post-conviction relief, it must affirmatively plead the defense in its responsive pleading and then prove the defense by a preponderance of the evidence. *Twyman, supra*, 459 N.E.2d at 711.

In determining whether the evidence is sufficient to support a finding of laches in a post-conviction proceeding, we treat the issue as any other sufficiency question. We will not reweigh the evidence or judge the credibility of witnesses. Instead, we

look only to the evidence most favorable to the judgment and to all reasonable inferences drawn therefrom. If there is probative evidence to support the trial court's judgment, we will affirm its decision. *Harrington v. State* (1984), Ind.App., 466 N.E.2d 1379.

The State contends it met its burden of proof by demonstrating Taylor first filed a post-conviction relief petition in 1975. The State concludes that this earlier petition shows Taylor was aware of his right to seek relief from his conviction in 1975, and his delay of 10 years in filing another post-conviction relief petition was unreasonable.

▇▇▇ The lapse of time standing alone, however, is insufficient to sustain the State's burden of proving the defense of laches; it must also prove the defendant's delay resulted in prejudice to the State. *Cheney v. State* (1986), Ind.App., 488 N.E.2d 739; *Morrison v. State* (1984), Ind. App., 466 N.E.2d 783; *Mottern v. State* (1984), Ind.App., 466 N.E.2d 488. The State must demonstrate why it would be impossible or extremely difficult at the time of the post-conviction proceeding to present the case in which the petitioner pleaded guilty. *Mottern, supra.* The inability to reconstruct a case against a petitioner is demonstrated by unavailable evidence such as destroyed records, deceased witnesses, or witnesses who have no independent recollection of the event. *Harrington, supra.*

▇▇▇ Here, the State offered no evidence of impossibility or extreme difficulty in presenting the 1972 theft case against Taylor. There is no evidence that the records were destroyed or that the witnesses have no independent recollection of the event. In fact, the State begrudgingly admitted at the post-conviction hearing that "unfortunately all of the witnesses are still available." Record, p. 180.

---

* As Taylor also correctly notes, our court has permitted individuals to challenge a judicial determination of habitual offender status by filing a post-conviction relief petition to set aside a defective guilty plea which served as a basis for the sentence enhancement. *Davis v. State* (1984), Ind.App., 464 N.E.2d 926; *Ives v. State* (1982), Ind.App., 436 N.E.2d 370. To adopt the

▇▇▇ The State's only attempt at showing prejudice was to assert its reliance on Taylor's 1972 conviction as a basis for the information in another action alleging he was a habitual offender. As we noted earlier, however, the prejudice must affect the State's ability to present the case in which the petitioner pleaded guilty, and not some later proceeding which incorporates the challenged conviction as an essential element.* *Mottern, supra.* Thus, we are left with nothing more than a lapse of time which, standing alone, is insufficient to sustain the State's burden and will not support the court's finding of laches. Therefore, we must reverse.

Judgment reversed and cause remanded with instruction to grant the petition for post-conviction relief.

YOUNG, P.J., and CONOVER, J., concur.

---

State's argument—that reliance on the guilty plea charge in a habitual offender count sufficiently prejudices the State to support a finding of laches—would require our court to discontinue allowing the type of post-conviction relief sought in *Davis* and *Ives*, and we decline to do so.