Jeffrey YARBROUGH, Appellant,

v.

STATE of Indiana, Appellee.

No. 1185S449.

Supreme Court of Indiana.

Sept. 2, 1986.

Jeffrey E. Hayes, Hayes, Hayes and Smith, Washington, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Jeffrey Yarbrough was found guilty by a jury in the Daviess Circuit Court of the crime of criminal recklessness resulting in serious bodily injury, a class D felony. He was also found to be

an habitual criminal. The trial court subsequently sentenced him to a term of two (2) years on the criminal recklessness conviction, enhanced by a period of thirty (30) years for habitual offender, for a total of thirty (32) years.

Four issues are presented for our consideration in this direct appeal:

1. commission of fundamental error when Appellant was found guilty of criminal recklessness causing serious bodily injury despite the fact that the information was void of any allegation of serious bodily injury;

2. sufficiency of the evidence to sustain a conviction of criminal recklessness causing serious bodily injury;

3. ineffective assistance of counsel; and

4. sufficiency of the evidence to sustain a conviction of being a habitual offender.

The evidence shows that in July, 1984, Rebecca Dosch and her three children, Curtis, James, and Nicholas, moved into Jeffrey Yarbrough's home. Nicholas was two years old at this time. On September 12, 1984, Appellant Yarbrough was with the children when Nicholas came out of the bedroom carrying the baby, James. Yarbrough told Nicholas to put James down and Nicholas dropped him on the floor and dropped a bottle on him. Yarbrough then slapped Nicholas on the side of the head and sat him on the couch. Yarbrough admitted he hit him pretty hard. The slap caused a bruise and a cut on Nicholas' face. It appeared from testimony of some of the witnesses that the cut might have come from Nicholas' striking his head on the TV set. There is no inference other than the fact that Yarbrough struck the child with his hand only. The child was not taken to a doctor or a hospital as Rebecca Dosch did not feel there was any need for medical attention. The Welfare Department was notified there was a problem in the home and representatives of the Department came to the home recommending that Rebecca remove her children from that home and have them temporarily placed in a foster home. Rebecca agreed to this recommendation. The caseworkers visited the victim's home two days after Nicholas was struck, and one of them testified that the injury apparent then was a bright red mark on the side of Nicholas' head and that it was a cut as well as a bruise. On September 14, 1984, the caseworkers took Nicholas to a doctor for an unrelated condition in his mouth. There is no inference that this condition had anything to do with the incident described above or with any conduct of Appellant.

Appellant originally was charged in three counts. Count I was filed September 30, 1984, and charged Appellant with battery, a class C felony, alleging that he struck Nicholas in the face which resulted in "serious bodily injury." On October 2, 1984, counts II and III were filed. Count II charged Appellant with battery, a class D felony, alleging that the striking resulted in "bodily injury" to one less than thirteen (13) years old by one at least eighteen (18) years old. Count III charged Appellant to be an habitual offender.

On October 4, 1984, Appellant, by counsel, filed a motion to dismiss Count I (battery causing serious bodily injury) for the reason that there was no allegation sufficient to describe serious bodily injury. On December 12, 1984, the court granted Appellant's motion and dismissed Count I. The record shows no objection by the State. The result was that Appellant went to trial on the information charging him with battery, class D felony, and alleging that his act resulted in bodily injury and that he was a habitual offender.

The evidence at trial was from witnesses who observed the bruise on Nicholas' face, some saying it appeared as a bright red spot and others saying it appeared to be a bruise and a cut. No medical attention was required and there was no testimony by medical experts about the nature of the injury or its effect on Nicholas.

At trial Appellant's counsel submitted a jury instruction which read as follows:

"If you find that the State has failed to prove any one of the essential elements of the crime charged, you should find the

defendant not guilty of that crime. You should then decide whether the State has proved beyond a reasonable doubt all elements of the included crime of Recklessness.

The included crime of Recklessness is defined as follows:

A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness, a Class B misdemeanor. However, the offense is a Class A misdemeanor if the conduct includes the use of a vehicle or deadly weapon.

A person who recklessly, knowingly or intentionally inflicts serious bodily injury on another person commits criminal recklessness, a Class D felony.

The crime of Recklessness is distinguished from the charged crime Battery by the element of reckless culpability and requires an act that created a substantial risk of bodily injury to another person.

If the State fails to prove each of the essential elements of the crime of Recklessness beyond a reasonable doubt, the defendant should be found not guilty.

If the State proved each of the elements of the crime of Recklessness beyond a reasonable doubt, you should find the defendant guilty of Recklessness, a Class B Misdemeanor.

You may not find the defendant guilty of more than one of the above offenses."

The instruction was modified by the Court as follows:

"If you find that the State has failed to prove any one of the essential elements of the crime charged, you should find the defendant not guilty of that crime. You should then decide whether the State has proved beyond a reasonable doubt all elements of the included crime of Criminal Recklessness.

The included crime of Criminal Recklessness is defined as follows:

A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to an-other person commits criminal recklessness, a Class B misdemeanor.

A person who recklessly, knowingly, or intentionally inflicts serious bodily injury on another person commits criminal recklessness, a Class D felony.

The crime of Criminal Recklessness is distinguished from the charged crime Battery by the element of reckless culpability and requires an act that created a substantial risk of bodily injury to another person.

If the State fails to prove each of the essential ellements (sic) of the crime of Criminal Recklessness beyond a reasonable doubt, the defendant should be found not guilty.

If the State proved each of the elements of the crime of Criminal Recklessness beyond a reasonable doubt, you should find the defendant guilty of Criminal Recklessness, a Class B Misdemeanor. If you further find beyond a reasonable doubt the act resulted in the infliction of serious bodily injury on another person, you should find the defendant guilty of criminal recklessness, a Class D felony. You may not find the defendant guilty of more than one of the above offenses."

The modified version was given to the jury without objection from Appellant even though it clearly instructed the jury that they could find the Appellant guilty of inflicting serious bodily injury and, therefore, guilty of criminal recklessness, a class D felony. The jury did, in fact, return a verdict finding Appellant guilty of criminal recklessness resulting in the infliction of serious bodily injury, a class D felony.

It is now Appellant's contention that fundamental error was committed when Appellant was found guilty of a crime for which one of the elements was the infliction of serious bodily injury and the charging information did not contain such allegations. He further claims there was not sufficient evidence of serious bodily injury inflicted on the victim to justify such a finding by the jury. It is the State's contention that Appellant invited this error by submitting the instruction authorizing the jury to find

the defendant guilty of criminal recklessness and failing to object when the court amended the instruction, telling the jury they could, in fact, find serious bodily injury was inflicted. Appellant's response to this contention by the State is that fundamental error transcends Appellant's act of inviting error and failing to object to the court's amendment, and further claims ineffective assistance of counsel in allowing this to happen. Though all of these contentions have merit, we need not discuss all of them to dispose of this issue. Indiana courts consistently have found it to be fundamental error to convict a defendant for an offense which includes an element not included in the charge. *Sanford v. State* (1971), 255 Ind. 542, 544, 265 N.E.2d 701, 703. In *Sanford,* Appellant was charged with the crime of uttering a forged instrument, but was convicted of forgery. Forgery and uttering forged instruments were, at the time, contained in the same statute. This Court found, however, that forgery and uttering forged instruments are two different crimes even though contained in the same statute since the essence of forgery is making or altering a written or legal instrument with intent to defraud, while uttering a forged instrument consists of presenting a known forged instrument for payment with intent to defraud. This Court reversed Sanford's conviction, holding that the verdict of a jury or the finding of a trial court which did not determine the issues joined, is contrary to law. *Citing Bruce v. State* (1952), 230 Ind. 413, 421, 104 N.E.2d 129, 132. The element of "great bodily harm or disfigurement" in the offense of aggravated assault and battery was the predecessor to the element of "serious bodily injury" in the offense of battery causing serious bodily injury, and recklessness causing serious bodily injury. *See Garcia v. State* (1982), Ind.App., 433 N.E.2d 1207. In *Allison v. State* (1973), 157 Ind.App. 277, 283, 299 N.E.2d 618, 622, the Court of Appeals held that great bodily harm or disfigurement was an element of the offense of aggravated assault and battery which had to be alleged. In *Gutowski v. State* (1976), 170 Ind.App. 615, 621, 354 N.E.2d 293, 297, the Court of Appeals held that a conviction for aggravated assault and battery was fundamental error unless great bodily harm or disfigurement was alleged in the charging instrument. *Garcia, supra.* In *Peek v. State* (1983), Ind. App., 454 N.E.2d 450, 454, the Court of Appeals found that causing serious bodily injury must be alleged in the charging information. In *Peek,* the defendant had been convicted of battery causing serious bodily injury. His conviction was reversed on a holding that an allegation of bodily injury was not sufficient to give the defendant notice of an offense which included the element "causing serious bodily injury." "Causing serious bodily injury" is an element of the offense of recklessness, causing serious bodily injury, making the offense a class D felony. Since there was no such allegation in the charging information on which Appellant here was tried, it was fundamental error to find him guilty of such a crime. His conviction, therefore, cannot stand.

It was alleged in the information and probative evidence submitted to the jury that defendant had committed the crime of recklessness resulting in "bodily injury", a class B misdemeanor. We therefore remand this cause to the trial court with instructions that a judgment be entered finding the defendant guilty of the offense of recklessness, class B misdemeanor.

Since Appellant has not been convicted of a felony, the finding of habitual offender cannot stand and, that finding and sentence also are ordered set aside.

GIVAN, C.J., SHEPARD and DICKSON, JJ., concur

DeBRULER, J., dissents without opinion.