William C. IRVIN, Appellant (Petitioner Below),

v.

STATE of Indiana, Appellee (Respondent Below).

No. 64A03–8704–PC–90.

Court of Appeals of Indiana, Third District.

Nov. 24, 1987.

John R. Highland, Chesterton, for appellant.

Linley E. Pearson, Atty. Gen., Donald B. Kite, Sr., Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

William C. Irvin appeals the denial of his petition for post conviction relief. This appeal raises two issues:

1. Whether Irvin's guilty plea was voluntarily, knowingly, and intelligently given?

2. Whether the evidence is sufficient to support the State's defense of laches?

Reversed and remanded.

On August 2, 1978, Irvin pleaded guilty to a charge of driving under the influence. On May 12, 1986, he filed his petition for post conviction relief. The State filed its answer, raising the affirmative defense of laches. After a hearing on the petition, the trial judge denied Irvin's petition finding the State proved laches and Irvin was not prejudiced by any defect in his guilty plea.

## I.

### *Guilty Plea*

Irvin raised the issue whether his guilty plea was voluntarily, knowingly, and intelligently given. The petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. *Silvers v. State* (1986), Ind., 499 N.E.2d 249, 251. In his petition for post conviction relief, Irvin alleged that he did not understand his rights to 1) trial by jury, 2) supoena witnesses, 3) remain silent and require the government to prove his guilt beyond a reasonable doubt, 4) an appeal, and 5) representation by counsel.

At the post conviction hearing the State stipulated that the transcript of the guilty plea hearing does not exist and cannot be reconstructed. In its brief, the State concedes a new trial is appropriate under these circumstances. We cannot imply from a non-existent record that the trial judge advised Irvin of his constitutional and statutory rights so as to render his plea voluntarily, knowingly, and intelligently given. *Wilburn v. State* (1986), Ind. App., 499 N.E.2d 1173, 1175. We must reverse the trial court's judgment unless the State has proven laches.

## II.

### *Laches*

Irvin next raises the issue whether there is sufficient evidence to support the State's defense of laches.

To prevail on the defense of laches, the State must prove by a preponderance of the evidence that (1) there was an unreasonable delay by the petitioner in seeking relief, and (2) that the State would be prejudiced in reprosecuting the petitioner should his guilty plea be vacated. In reviewing the sufficiency of the evidence to support the trial court's finding of

laches, we will not reweigh the evidence or judge the credibility of witnesses. Looking only to the evidence most favorable to the judgment, we will affirm if there is substantial probative evidence to support it.

*Woods v. State* (1987), Ind.App., 506 N.E. 2d 487, 488 (citations omitted).

■ Implicit in a finding of unreasonable delay is petitioner's knowledge and acquiescence. Unless a petitioner has knowledge of a defect in his conviction *or of the means to seek relief from the conviction,* he can seldom be said to have delayed unreasonably in seeking relief. *Perry v. State* (1987), Ind., 512 N.E.2d 841, 843. In *Perry,* the court addressed the issue whether the petitioner's knowledge may be imputed from inquiry notice. Resolving this issue in the negative, the court stated:

Inquiry notice alone is not sufficient to support a finding of unreasonable delay under circumstances permitting diligence. Knowledge may not be presumed from the occurrence of any particular event. Nonetheless, we do not require the State to supply direct proof of petitioner's knowledge. Circumstantial evidence is sufficient to show state of mind. Facts from which a reasonable finder of fact could infer petitioner's knowledge may support a finding of laches.

\* \* \* \* \* \*

While the evidence in some cases has provided the proverbial "smoking gun" of actual knowledge of post-conviction remedies, no one factor is controlling. Repeated contacts with the criminal justice system, consultation with attorneys and incarceration in a penal institution with legal facilities are all factors from which the fact finder may infer knowledge. The determination of sufficiency, of course, may be made by the trial court; if there is probative evidence to support its determination, we will affirm the trial court's judgment. *Lacy* [*v. State* (1986) Ind.], 491 N.E.2d [520] at 521. The court is not obligated to infer knowledge from any particular set of circumstances, nor is it bound to accept petitioner's assertions of ignorance. The State must, however, present some objective facts from which the court may draw a reasonable inference of knowledge.

*Id.* at 844–845.

■ The only evidence the State presented went to the element of prejudice. No evidence was offered to prove Irvin's delay was unreasonable because he had knowledge of his means to seek relief. In rebutting the allegation of unreasonable delay, Irvin testified that he pleaded guilty in 1978 without assistance of counsel. He was not incarcerated as a result of that conviction. In 1984, Irvin again pleaded guilty, without assistance of counsel, to another charge of driving under the influence. There is no evidence he was incarcerated as a result of that conviction either. In 1986, Irvin was charged again with driving under the influence. This time he was represented by counsel who advised him of the possibility of filing a post conviction relief petition to vacate his 1978 guilty plea.

From these facts, the trial judge could infer that Irvin knew of a defect in his 1978 plea when he entered another guilty plea in 1984. However, no inference can be drawn that Irvin knew of the means to seek relief until 1986. The State did not carry its burden of proof on the element of unreasonable delay. Thus, the evidence was not sufficient to support the defense of laches. The judgment of the trial court is reversed with instructions to grant Irvin's petition and remand for trial.

BUCHANAN and HOFFMAN, JJ., concur.