James ARMSTRONG,
Appellant (Petitioner),

v.

STATE of Indiana, Appellee
(Respondent).

No. 18A04–8902–PC–34.

Court of Appeals of Indiana,
Fourth District.

June 28, 1989.

Susan K. Carpenter, Public Defender of Indiana, Hilary Reeve, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Attorney General of Indiana, Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

James Armstrong appeals the denial of his petition for post-conviction relief from his conviction of attempted murder arising out of the bombing of a residence. He asserts, among other errors, fundamental error in that the jury was inadequately instructed with regard to the specific intent element necessary to convict him of the crime of attempted murder. We agree, and therefore reverse.

*Issue*

Armstrong raises several issues. Because we find one demonstrates fundamental error requiring us to reverse, we address only that issue.

I. Whether the jury was adequately instructed that Armstrong needed to act with the specific intent to commit murder to be convicted of attempted murder?

*Facts*

The facts most favorable to the State demonstrate that on April 22, 1978, Armstrong placed and detonated a homemade bomb destroying the downstairs picture window of the home of the Cooper family in Muncie, Indiana. Nine (9) year-old Trina Cooper was asleep upstairs during the explosion but was not hurt.

Armstrong was charged and convicted of the attempted murder of Trina Cooper for

the April 22 bombing. Armstrong was also charged with two counts of arson—the April 22 Cooper bombing and another apparently unrelated, but similar, house bombing in Muncie taking place 10 days earlier on April 12, 1978. He was also charged with the unlawful possession of an explosive. He was acquitted of all charges except the attempted murder for which he was sentenced to 20 years imprisonment.

Additional facts are available in the published opinion of Armstrong's direct appeal, *Armstrong v. State* (1982), Ind., 429 N.E. 2d 647, and will be supplied as necessary later in this opinion.

### Decision

I. *Whether the jury was adequately instructed that Armstrong needed to act with the specific intent to commit murder to be convicted of attempted murder?*

The crime of attempted murder requires a finding of two elements: 1) the defendant acted with the specific intent to commit murder, and 2) he engaged in an act that constituted a substantial step in the commission of murder. *Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d 507. The requirement of the first element necessitates that the jury be instructed that the specific intent to commit murder is a necessary element of attempted murder. *Smith v. State* (1984), Ind., 459 N.E.2d 355.

Armstrong's jury received the following instructions which, read together, provided the definition of attempted murder:

35–42–1–1. MURDER

A person who:

(1) knowingly or intentionally kills another human being;  or
(2) kills another human being while committing or attempting to commit arson, burglary, child molesting, criminal deviate conduct, kidnapping, rape, or robbery;

commits murder, a felony.

\*    \*    \*    \*    \*    \*

35–41–5–1.  ATTEMPT

A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a class A felony.[1]

The above instructions defining murder contain the definition of felony-murder (subsection 2). This permitted the jury to convict Armstrong of "attempted felony murder." No such crime as "attempted felony-murder" exists. *Head v. State* (1982), Ind., 443 N.E.2d 44 (J. Pivarnik and C.J. Givan dissenting). Felony-murder is described as a "result" offense because one element required is that someone be killed as a result of the commission of the underlying felony. Felony-murder requires only proof of the *mens rea* necessary for the underlying felony. It does not require proof that the defendant entertained the specific intent to commit murder. *Head, Id.* Accordingly, while subsection one of the instruction defining murder above contains the "knowingly or intentionally" intent requirement, subsection two

---

1. Armstrong's jury also received the following instructions:

35–43–1–1.  ARSON

A person who, by means of fire or explosive, knowingly or intentionally damages:

(1) A dwelling of another person without his consent:
(2) Property of any person under circumstances that endanger human life;  or
(3) Property of another person if the pecuniary loss is at least twenty thousand dollars ($20,000.00);

commits arson, a class B felony.

(b) A person who with intent to injure person or damage property, unlawfully places an explosive commits arson, a class B felony.

(c) A person who commits arson for hire commits a class B felony.

\*    \*    \*    \*    \*    \*

Culpability is defined by statute as follows:

A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.

Unless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct.

does not. Therefore, the jury in the present case was permitted to convict Armstrong of "attempted felony-murder" which does not require the finding he entertained the requisite specific intent.

In *Head, Id.,* our supreme court reversed an attempted murder conviction holding that instructions that, as do the ones above, permit the jury to convict on a theory of "attempted felony murder" are erroneous because of the failure to instruct concerning the requisite specific intent element. Our supreme court, speaking through Justice Hunter, held:

> The final instructions given by the trial court included the definitions contained in both subsections 1 and 2 of Ind.Code 35–42–1–1, *supra.* Although the court also gave an instruction which stated that 'A person commits the crime of attempted murder when he knowingly or intentionally does any act which constitutes a substantial step toward the commission of the crime of Murder,' *it is well settled that it cannot be presumed the effect of a bad instruction is cured by giving a proper one.* ....
> That is the case here. Via the ... final instructions, the jury was provided with *two inconsistent and contradictory theories of law* regarding an *essential* element of attempted murder: *the intent to commit the crime.* ... we must reverse and vacate the judgment and sentence imposed on the attempted murder charge. *Id.* 443 N.E.2d at 52 (emphasis in original; citations omitted).

■ Finding this error, we must decide whether Armstrong is entitled to any relief therefrom when he raises it for the first time here in his petition for post-conviction relief. Generally, the post-conviction process is not open to the raising of issues available to a petitioner upon his original appeal. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260. One exception is fundamental error. *Id.* Fundamental error is one that is blatant and which if not rectified would deny the petitioner fundamental due process. *Terry v. State* (1984), Ind., 465 N.E.2d 1085.

In *Abdul–Wadood v. State* (1988), Ind., 521 N.E.2d 1299 (J. Givan and J. Pivarnik dissenting), found *fundamental error* and reversed a conviction for attempted murder because the jury was not adequately instructed that a specific intent to kill was a requisite element of the crime of attempted murder. In *Abdul-Wadood,* the defendant stabbed a correction officer in the back during an altercation at the Pendleton, Indiana reformatory. The instruction in question in the *Abdul–Wadood* case read as follows:

> "To sustain the charge of attempted murder, the State must prove the following propositions:
> First: That the Defendant knowingly engaged in conduct against DAVID ABEL.
> Second: That the Defendant's conduct against DAVID ABEL constituted a substantial step toward the commission of the crime of murder." *Id.* 521 N.E.2d at 1300.

Justice DeBruler, speaking for our supreme court, stated:

> *This instruction is defective in that it fails to inform the jury that the substantial step toward the crime of murder must have been accompanied by the state of mind which is required for the crime of murder.* In *Smith v. State* (1984), Ind., 459 N.E.2d 355 we declared the giving of this instruction to be fundamental error. *See also Santana v. State* (1986), Ind., 486 N.E.2d 1010. The error in the instruction creates a serious risk of wrongful conviction. This instruction purports to set out the complete burden of the prosecution. It is an instruction, which when given at a trial, creates a moment of focus and special attention. The judge takes special care in reading it loudly and distinctly. The jury perceives its special and crucial character. *Armed with the information in this instruction, the jury could rationally deem itself authorized to convict because it was convinced beyond a reasonable doubt that the accused deliberately engaged in cooperative conduct, in a series of developing events, which culminated in an enterprise carrying the death risk, even though there could have been no appreciation of that risk at the time of the cooperative conduct. Obviously, such a conviction would be a*

*gross miscarriage of justice and unintended by the legislature in establishing the crime of attempted murder.* The requirements of *Smith* and *Santana* are essential to prevent just such a miscarriage of justice and to fulfill legislative intent. The holding in *Smith* is correct law, *stare decisis* here, and requires reversal of appellant's conviction for attempted murder and remand for a new trial. *Id.* at 521 N.E.2d 1300, 1301 (emphasis added).

In the present case, the jury was permitted to convict Armstrong of attempted murder ("attempted felony murder") if it found Armstrong committed, or attempted to commit, the crime of arson, the substantial step element in the attempted murder charge. As in *Head, supra,* and *Abdul–Wadood, supra,* the jury was permitted to convict for attempted murder even if the substantial step toward the commission of murder was not accompanied by the state of mind required for the crime of murder. This is fundamental error. *Id.*

Therefore, we reverse.

CONOVER, P.J., and STATON, J., concur.