**Michael HOLLAND, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A05–9206–PC–207.**

Court of Appeals of Indiana, Fifth District.

Feb. 25, 1993.

Susan K. Carpenter, Public Defender, Anne–Marie Alward, Deputy Public Defender, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Michael Holland appeals the post-conviction court's denial of his petition for post-conviction relief. He raises the following four issues:

1. Whether Holland's petition for post-conviction relief is barred by laches;

2. Whether fundamental error occurred when the trial court failed to instruct the jury that the intent to kill is the specific intent required to prove attempted murder;

3. Whether fundamental error occurred where the charging information did not state all the elements of kidnapping and Holland was convicted of kidnapping; and

4. Whether Holland received effective assistance of counsel at trial and on appeal.

## FACTS

On November 16, 1978, Roland Rice picked up two hitchhikers, one of whom was later identified as Holland, and agreed to take them to the intersection of I–465 and I–69 in Marion County, Indiana. Holland was sitting in the passenger seat. While pointing a gun at Rice, Holland told Rice to take them to Anderson, Indiana. When Rice got to State Road 9, he pulled into a gas station. The man in the back seat got out to pump gas and as he was getting back in the van, Rice jumped out with the keys and ran. He heard shots being fired and fell to the ground after being shot in the back. Holland aimed the gun at him and he heard a click. Holland and the other hitchhiker then ran away. They were apprehended by police in a barn a mile and a half from the gas station.

Holland was charged with Attempted Murder and Kidnapping, both class A felonies, and was convicted of both by a jury on March 8, 1979. On direct appeal, the Indiana Supreme Court affirmed his convictions. *Holland v. State* (1980), 274 Ind. 382, 412 N.E.2d 77. Holland filed his PCR petition on March 3, 1992. The State raised the defense of laches and presented evidence at the PCR hearing that the deputy prosecutor had been unable to locate Rice and two other witnesses. The State also presented evidence that several officers involved in the investigation had retired or had left the Sheriff's department and could not be located.

## LACHES

Holland first raises the issue whether the post-conviction court erroneously denied his PCR petition for the reason that it was barred by laches. The post-conviction court found that the State had carried its burden of proof on the issue of laches by showing that the whereabouts of the victim and two eyewitnesses were unknown and that several of the officers involved in the investigation have retired and left town and cannot be located. Further, Holland was convicted nearly fourteen years ago, the Supreme Court affirmed his convictions on direct appeal nearly twelve years ago, and Holland waited ten and one-half years to file his PCR petition.

We do not agree that the State has proven laches. "For laches to bar relief, the State must prove by a preponderance of the evidence, first, that the petitioner unreasonably delayed in seeking relief and,

second, that the State has been prejudiced by the delay.... Unless a petitioner has knowledge of a defect in his conviction, he can seldom be said to have delayed unreasonably in seeking relief." *Perry v. State* (1987), Ind., 512 N.E.2d 841, 843, *reh'g denied.* The PCR court's findings do not support a conclusion in the State's favor on either of the requirements. First, the State is not confined to producing direct evidence of the petitioner's knowledge; rather, the State may prove its case by presenting circumstantial evidence that tends to establish the petitioner's knowledge. *Id.* Here, however, the State presented evidence only on the element of prejudice. No evidence at all was offered to prove Holland had knowledge of a defect in his conviction or of the means to seek relief. Thus, the record is devoid of evidence to support the PCR court's finding that Holland unreasonably delayed filing his PCR petition. The PCR court erred in denying Holland's PCR petition on the basis of laches. *Id.* at 846; *see also Irvin v. State* (1987), Ind.App., 515 N.E.2d 566 (State presented no evidence that delay was unreasonable; failed to prove laches).

Further, the evidence does not support the PCR court's finding that the State has been prejudiced by the delay. The only evidence presented by the State was the testimony of the deputy prosecutor who indicated that she had reviewed the case file and had attempted to locate the victim but was unable to do so. She did not indicate specifically what steps she took to locate the victim; merely that she attempted to and could not. The deputy prosecutor also testified that she could not locate the two eyewitnesses, again without specifically detailing how she tried to locate them. She further testified that several of the police officers involved with the investigation had retired and could not be located, but did not say how she had attempted to locate them.

In *Lacy v. State* (1986), Ind., 491 N.E.2d 520, the State presented evidence that the prosecutor's office destroyed files more than ten years old, but had not investigated to determine if the prosecutor's file still existed. A deputy prosecutor had obtained the names of witnesses from the court's file, but was unable to find a listing for any of them in the phone directory. The Supreme Court concluded that the State failed to present evidence upon which a reasonable inference of prejudice could be drawn, in part, because there was no showing of reasonable diligence used in attempting to locate the witnesses. *Id.* Further, there was no evidence regarding the availability or recollection of the investigating officers or the existence or contents of the police investigative file, or whether the prosecutor's notes were available or had been destroyed in accordance with office policy. *Id.*

The State has an obligation to use due diligence in its investigation of the availability of evidence and witnesses. *Washington v. State* (1987), Ind., 507 N.E.2d 239, 240. Here, the State did not present any evidence indicating that the inability to locate the victim, witnesses and police officers was the result of a *diligent* search. The evidence consists of a mere statement that the people could not be located. Thus, the State did not carry its burden of proving that it was prejudiced by Holland's delay in filing his PCR petition.

Having determined that the PCR court erroneously relied on laches to deny Holland's PCR petition, we will address the merits of the petition because purely legal issues have been raised.

## ATTEMPTED MURDER INSTRUCTION

Holland claims a fatal flaw exists in the instructions the trial court read to the jury in regard to the attempted murder charge. The trial court instructed the jury that Holland had been charged in Count I with Attempted Murder by shooting at Rice and was charged in Count II with Kidnapping by removing Rice by threat of force from one place to another. The jury was also instructed that the elements of Attempted Murder applicable to this case were that the defendant must have "a. knowingly or intentionally; b. attempt[ed] to kill; c. another human being; or a. attempt[ed] to kill; b. another human being;

c. while committing or attempting to commit; (1) kidnapping." The final instructions informed the jury that a defendant attempts to commit a crime when, "acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime," and that a person who "(1) knowingly or intentionally kills another human being; or (2) kills another human being while committing or attempting to commit arson, burglary, child molesting, criminal deviate conduct, kidnapping, rape, or robbery; commits murder."

Holland argues that the instructions do not adequately inform the jury that the specific intent to kill is a necessary element of attempted murder. Holland did not object to the instructions at trial; thus, we must determine if fundamental error occurred. The instructions given by the trial court adequately conveyed to the jury the necessity that Holland have the specific intent to kill at the time he took a substantial step toward commission of the crime of murder. The jury was instructed that "the accused must knowingly or intentionally attempt to kill another human being" to be found guilty of attempted murder. Similar language in an instruction has been held to not be fundamental error. *Jackson v. State* (1991), Ind., 575 N.E.2d 617.

However, this does not end our inquiry because the instructions defining murder also included the definition of felony murder. This permitted the jury to convict Holland of "attempted felony murder," a crime which does not exist. *Head v. State* (1982), Ind., 443 N.E.2d 44; *Armstrong v. State* (1989), Ind.App., 540 N.E.2d 626, *trans. denied.* This case is on all fours with *Armstrong.* By including the definition of felony murder, the trial court permitted the jury to convict Holland for a crime that did not require the specific intent to kill. "The jury was provided with *two inconsistent and contradictory theories of law* regarding an *essential* element of attempted murder: *the intent to commit the crime.*" *Armstrong,* 540 N.E.2d at 628 (quoting *Head,* 443 N.E.2d at 52) (emphasis in original). The court in *Armstrong* found this error to be fundamental where the jury was permitted to convict for attempted murder even if the substantial step toward the commission of murder (the crime of arson) was not accompanied by the state of mind required for the crime of murder.

Here, the jury was permitted to convict Holland of attempted murder if it found Holland committed or attempted to commit kidnapping, even if the kidnapping was not accompanied by the specific intent to kill. As in *Armstrong,* this is fundamental error. Therefore, we grant Holland's PCR petition on this ground and reverse his conviction and sentencing on the attempted murder count.

KIDNAPPING CHARGE

Holland next contends that fundamental error occurred when he was convicted of a crime for which he had not been charged. Count II of the information charged Holland with Kidnapping, a class A felony under Ind.Code 35–42–3–2(b), alleging that Holland "did knowingly remove ROLAND D. RICE, by threat of force from one place, to-wit: Lawrence Central High School ... to another place, to-wit: the Wake Up Service Station at the St. Rd. 9 & I–69...." Kidnapping is (and was at the time of Holland's trial) defined in I.C. 35–42–3–2(b) as:

> A person who knowingly or intentionally removes another person, by fraud, enticement, force, or threat of force, from one place to another: *(1) with intent to obtain ransom; (2) while hijacking a vehicle; (3) with intent to obtain the release, or intent to aid in the escape, of any person from lawful detention; or (4) with intent to use the person removed as a shield or hostage;* commits kidnapping, a Class A felony.

(Our emphasis). Clearly, the information did not make any allegations concerning the elements of the crime underlined above.

A charging instrument must allege each essential element of the charge. "[T]he facts upon which the action is claimed to exist are those facts which constitute the essential elements of the crime charged. These elements and the nature

of the offense must be set out in the information." *Kelly v. State* (1989), Ind., 535 N.E.2d 140, 142 (quoting *Abner v. State* (1986), Ind., 497 N.E.2d 550, 553, *reh'g denied*). Indiana courts consistently have found it to be fundamental error to convict a defendant for an offense which includes an element not included in the charge. *Yarbrough v. State* (1986), Ind., 497 N.E.2d 206, 209. The information did not allege that Holland removed Rice by threat of force *(1) with the intent to obtain ransom; (2) while hijacking a vehicle; (3) with intent to obtain the release or aid in the escape of someone; or (4) with the intent to use Holland as a shield or hostage.* Thus, Holland was convicted of an offense which includes elements that were not included in the information and this was fundamental error. Accordingly, we also grant Holland's PCR petition on this ground.

It does not follow, however, that Holland's judgment on the kidnapping charge must be reversed for a new trial. "Where the defendant has not been misled and it is evident that the issues joined under the charging information have been determined, a simple correction of the judgment ... is the appropriate remedy." *Maynard v. State* (1987), Ind.App., 508 N.E.2d 1346, 1351, *reh'g denied, trans. denied* (quoting *McFarland v. State* (1979), 179 Ind.App. 143, 150–151, 384 N.E.2d 1104, 1109–1110). Holland points out that as the information was drafted, he was charged with criminal confinement, a class D felony, pursuant to I.C. 35–42–3–3. Further, he acknowledges that each element alleged in the information was proved at trial. Thus, he requests that his judgment of conviction of kidnapping be modified to reflect a judgment of conviction of criminal confinement. We remand this case to the PCR court with instructions to (1) vacate the judgment and sentence for kidnapping, (2) enter a judgment of guilty of criminal confinement, a class D felony, and (3) sentence Holland accordingly.

EFFECTIVE COUNSEL

Holland's arguments concerning ineffective assistance of counsel relate to the errors in the attempted murder instructions and the kidnapping charge for which we have provided relief. Therefore we need not discuss whether Holland received effective assistance of counsel.

The post-conviction court's denial of Holland's PCR petition is REVERSED.

SHARPNACK, C.J., concurs.

CHEZEM, J., dissents with opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent because Holland's petition for PCR should be barred by the doctrine of laches. "For laches to bar relief, the State must prove by a preponderance of the evidence, first, that the petitioner unreasonably delayed in seeking relief and, second, that the State has been prejudiced by the delay." *Perry v. State* (1987), Ind., 512 N.E.2d 841, 843, *reh. denied.* We should reverse the decision of the PCR court and remand to determine if the facts presented by the State were sufficient to infer under the circumstances that Holland had knowledge of a defect in his convictions or knew of the possibility of a challenge to his conviction.

In determining whether the evidence is sufficient to support a finding of laches in a PCR proceeding, we treat the issue as any other sufficiency question. We will not reweigh the evidence or rejudge the credibility of the witnesses. *Smith v. State* (1991), Ind.App., 565 N.E.2d 1114, *reh. denied, trans. denied,* relying upon *Taylor v. State* (1986), Ind.App., 492 N.E.2d 1091. We look only to the evidence most favorable to the judgment and to all reasonable inferences to be drawn therefrom. *Id.* at 1093. We will affirm if there is probative evidence to support the trial judge's decision. *Id.*

I disagree with the majority opinion that the evidence does not support the PCR court's finding that the State has been prejudiced by the delay. The prosecutor testified as follows:

> I reviewed the case file and I attempted to find him through the information we had in the case file and there was no

trace of Roland Rice. The only Roland Rice I found that even lives in Indianapolis was deceased and his wife informed me that he was not the Roland Rice that I was seeking because they had been married for thirty (30) years and he had never been involved in any criminal case. So I was not able to locate the victim. And there were two (2) eyewitnesses ... but two (2) men at the gas station who seen the suspect shortly after the shooting who had fled and I had attempted to locate those two (2) individuals and also could not find any trace of either one of those. One of them there was another man here in town with the same name but he was not the man that was involved in this case. Those are the three (3) eyewitnesses to the incident and then the other people involved, several of the officers have retired or have left the Sheriff's Department and I could not locate them. There was one, Gabriel Fresquez who is still around. I think his involvement in the case was minimal ... Without the victim and the two (2) eyewitnesses, I don't see how it would be possible to prosecute the case.

R. 144–146.

In *Mottern v. State* (1984), Ind.App., 466 N.E.2d 488, 490, we held that the requisite prejudice is demonstrated when it would be "impossible or extremely difficult to present" the prosecutor's case. *Stewart v. State* (1990), Ind.App., 548 N.E.2d 1171, 1176, *reh. denied, trans. denied.* Prejudice is not merely the impossibility of presenting any case at all or the prospect of difficulty in locating and obtaining physical evidence or witnesses to testify. If reasonable likelihood of successful prosecution is materially diminished by the passage of time attributable to the petitioner's neglect, such may be deemed a sufficient demonstration of prejudice. *Id.; see also Kindred v. State* (1987), Ind.App., 514 N.E.2d 314, 318, *reh. denied, trans. denied.* While the mere passage of time is not enough to constitute laches, it may be a factor. *Sloan v. State* (1992), Ind.App., 590 N.E.2d 635.

Twelve (12) years passed before Holland filed his PCR petition. The prosecutor testified under oath that she made attempts to locate the victim and the witnesses, but to no avail. She met her burden of reasonable diligence.

I disagree also with the majority opinion that the record is devoid of evidence to support the PCR court's finding that Holland unreasonably delayed filing his PCR petition. The State carried the burden of proving Holland had knowledge of defects in his convictions yet delayed his PCR petition. "Repeated contacts with the criminal justice system, consultation with attorneys and incarceration in a penal institution with legal facilities are all factors from which the fact finder may infer knowledge." *Irvin v. State* (1987), Ind.App., 515 N.E.2d 566. Holland was an habitual offender and had been incarcerated on more than one occasion. He was appointed public defenders and also had legal materials available in prison to proceed *pro se.*

Rather than reweigh the evidence, we should remand back to the PCR court to make the determination on the issue of laches.