EDWARD E. TOMLIN *v.* STATE OF INDIANA.

[No. 971S251. Filed June 6, 1972.]

*Walter C. Dietzen,* Public Defender, *Fredrick Spencer,* of Anderson, for appellant.

*Theodore L. Sendak,* Attorney General, for appellee.

HUNTER, J.—This is an appeal by Edward E. Tomlin from a judgment in the Madison Circuit Court convicting him of the crime of Committing Robbery While Armed With a Deadly

Weapon. Appellant was charged by affidavit on December 18, 1969, and on January 5, 1970, appellant entered a plea of guilty. Appellant then successfully requested that his plea of guilty be set aside, and on January 12, 1970, he appeared in court and stated that he had a mental problem. The court appointed two physicians to examine appellant, and after due consideration of the physicians' reports, the court found that appellant was capable of participating in his own defense. On March 2, 1970, appellant again entered a plea of guilty. On March 16, 1970, he moved to withdraw his plea of guilty, which motion was granted and trial was set for May 21.

On May 12, 1970, and on May 25, 1970, respectively, the appellant was re-examined by the court-appointed physicians, and after a hearing on the physicians' reports, appellant was found incompetent to stand trial and was committed to the Department of Mental Health to be confined in an appropriate psychiatric institution until returned to the court. On June 24, 1970, the appellant was committed to Norman M. Beatty Memorial Hospital where he remained for treatment for a period of approximately five months. Afterwards, he was returned to the Madison County Jail where he was examined for the third time by the court-appointed physicians. Appellant was found competent to assist in his own defense, and trial was set for March 2, 1971. Appellant waived his right to trial by jury and entered a plea of not guilty by reason of insanity. Upon conviction, appellant was sentenced to a term of five (5) years in the Indiana Reformatory.

The sole allegation of error raised on this appeal is that the evidence is insufficient to sustain a finding that appellant was sane at the time of the commission of the alleged offense.

The evidence most favorable to the State, as revealed by the record, is as follows: On the evening of December 12, 1969, in Anderson, Indiana, the appellant engaged a taxi cab operator to drive him to a residence at 2610 Morton. Upon arriving at the address on Morton, the appellant instructed

the driver to take him down the alley to the back of the house. Appellant then got out of the cab and demanded that the driver turn over all of his money and his billfold. At this time, appellant was armed with a shot gun which had been concealed in some coveralls appellant had been carrying. After relieving the cab driver of approximately forty dollars ($40) and a gasoline credit card, the appellant locked him in the trunk of the automobile and fled.

Appellant was arrested in Alexandria, Indiana on December 15, 1969, by the Indiana State Police. Appellant had been on a three day drinking and traveling spree which carried him as far as Nashville, Tennessee. After being placed in the custody of the Anderson Police Department, appellant made a full confession which fully corroborated the testimony of the State's witnesses at trial.

As to the issue of sanity, counsel for appellant places great weight on the fact that the testimony of the two court-appointed physicians was in some areas inconclusive and in other areas contradictory. However, this Court has stated many times that when reviewing for the sufficiency of the evidence, it will neither weigh the evidence nor determine the credibility of witnesses. *Valentine* v. *State* (1971), 257 Ind. 197, 273 N. E. 2d 543; *Thomas* v. *State* (1971), 256 Ind. 309, 268 N. E. 2d 609. If there is substantial evidence of probative value sufficient to support a finding of sanity beyond a reasonable doubt, such finding will not be disturbed by this Court on appeal. *Twomey* v. *State* (1971), 256 Ind. 128, 267 N. E. 2d 176; *Johnson* v. *State* (1970), 255 Ind. 324, 264 N. E. 176; *Johnson* v. *State* (1962), 243 Ind. 245, 183 N. E. 2d 823.

At trial, Dr. William L. Sharp, one of the court-appointed physicians, testified as follows:

"Q. Doctor, as to the robbery of the cab driver, was he [appellant] able to know the wrongfulness of his conduct at that time?

A. In my opinion, I think he was.

Q. Doctor, do you think that he was able—being able to make a moralistic judgment was he also able to conform his conduct to that required by law?

A. I think he was if he wanted to do so."

In *Johnson* v. *State, supra,* a majority of this Court stated:

"As long as there is evidence to support the issue of sanity, the jury has a right to reach its own conclusion on that issue." 255 Ind. at 328, 264 N. E. 2d at 59.

The testimony of Dr. Sharp is sufficient to sustain a finding of sanity as defined by the rule set forth in *Hill* v. *State* (1969), 252 Ind. 601, 251 N. E. 2d 429. Therefore, no error was committed in regard to this matter.

For the foregoing reasons, the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, C. J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 283 N. E. 2d 363.