EDWARD E. TOMLIN *v.* STATE OF INDIANA.

[No. 2-973A193. Filed April 8, 1975.]

*Harriette Bailey Conn, [Mrs.]*, Public Defender of Indiana, *Eugene C. Hollander,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Wayne R. Cook,* Assistant Attorney General, for appellee.

SULLIVAN, P.J.—Edward E. Tomlin (Tomlin) appeals from denial of his Petition for Post-Conviction Relief, P.C. 1.

On April 8, 1971, Tomlin was convicted of Committing Robbery While Armed With A Deadly Weapon and sentenced to a five year term. The conviction was affirmed by the Supreme Court of Indiana in *Tomlin* v. *State* (1972), 258 Ind. 604, 283 N.E.2d 363. The sole issue discussed in that appeal was Tomlin's sanity at the time he committed the crime.

The post-conviction petition as originally filed by Tomlin alleged (1) inadequate representation by counsel at and after trial, (2) use by the prosecution of an illegally obtained statement in examining an expert witness, and (3) denial of due process stemming from a suggestive identification procedure. The petition was amended to include a fourth allegation to the effect that newly discovered evidence existed in that:

> "Petitioner now has available the testimony of a newly discovered material witness, which testimony will conclusively show and prove that Petitioner is innocent of the crime charged and that another person, who will be named and identified, did in fact commit the offense for which Petitioner was tried and convicted."

The post-conviction hearing was conducted on March 5, 1973. The evidence came from two witnesses. Petitioner's mother, Shirley Tomlin, stated that she saw Tomlin on the porch of

another son's home at 7:00 P.M. on the evening of the robbery. (Apparently, the robbery, which was committed against a cab driver, took place a little after 6:00 P.M.) Tomlin's brother, Hugh, (age 16 at the time of the post-conviction hearing) testified that on the evening in question he saw another brother, David Tomlin, leave the house with a shotgun and enter a cab about 6:00 P.M. Hugh further testified that David had threatened him against disclosing this fact to anyone, and that the two year silence was broken because he "was mad" at David. Further testimony revealed that David was mentally ill and was in custody in Indianapolis awaiting transport back to a state mental hospital in Logansport.

On appeal Tomlin contends (1) that sufficient newly discovered evidence was adduced at the hearing to support the petition, and (2) that the court failed to make specific findings as to the issues raised in the initial post-conviction petition.

Post-Conviction Relief, Rule 1, § 5, provides in part:

"The petitioner has the burden of establishng his grounds for relief by a preponderance of the evidence."

In the instant case, Tomlin presented evidence only as to his claim of newly discovered evidence pursuant to P.C. Rule 1(a)(4). No evidence was submitted regarding his initial claims of inadequate representation, use of an illegally obtained statement, or the denial of his due process rights. Therefore, Tomlin has not sustained his burden of establishing grounds for relief based on those original post-conviction claims. (*Compare Johnson* v. *State* (1974), 262 Ind. 183, 313 N.E.2d 542 concerning a claim of waiver rather than a "sufficiency of evidence" determination as here.)

With regard to his "newly discovered" evidence claim, Tomlin contends that the testimony of his mother and brother was uncontradicted and that, therefore, he has shown by a preponderance of the "newly discovered" evidence that he did not perpetrate the robbery. In *Wilhoite* v. *State* (1971), 255 Ind. 599, 266 N.E.2d 23, 25, our Supreme Court stated:

> "To justify a new trial, the newly discovered evidence . . . must be material and decisive in nature and must be such as to raise a strong presumption that it would probably change the results of the trial."

Additionally, it must be shown that the evidence alleged to be newly discovered could not have been discovered before trial by exercise of due diligence. *McCurdy* v. *State* (1975), 263 Ind. 66, 324 N.E.2d 489; *Keyton* v. *State* (1972), 257 Ind. 645, 278 N.E.2d 277; *Young* v. *State* (1974), 161 Ind. App. 532, 316 N.E.2d 435.

The alleged newly discovered evidence produced at the post-conviction hearing fails to meet either requirement. By its very nature, its tardiness, and because of the relationship of the witnesses to Tomlin, the "newly discovered" evidence was understandably rejected by the trial court as a cause for a new trial. *Johnson* v. *State, supra.*

Tomlin complains that the findings made by the trial court following his post-conviction relief hearing are not specific as required by P.C. Rule 1, § 6.

As hereinbefore noted, and by Tomlin's own appellate admission, the sole issue addressed by his evidence upon post-conviction hearing was the matter of "newly discovered" evidence. The absence of negative findings as to issues or claims not supported by evidence even though "presented" by the petition,[1] does not justify reversal here.

It would be an exercise in unnecessary judicial delay to require the trial court to tell us what we already know by Tomlin's own appellate admission—that there was no evidence to support the other claims of his post-conviction petition.

Judgment affirmed.

Buchanan and White, JJ., concur.

---

1. P.C. 1, § 6 requires a specific finding "on all issues presented, whether or not a hearing is held". This provision might be interpreted to require such a finding on *all* issues "presented" by a petition even though one or more of such issues are "waived" by failure to adduce evidence at a post-conviction hearing actually held.