**Kevin COLEMAN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 45S00–8604–CR–388.

Supreme Court of Indiana.

April 6, 1988.

———

Scott L. King, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Attempted Murder, a Class A felony, for which he received a sentence of fifty (50) years.

The facts are: Sonia Nalls knew appellant for several years because they grew up in the same neighborhood and played together as children. Appellant lived in an apartment building across the alley from Nalls' apartment. On January 21, 1985, appellant offered to fix Nalls' television cable. After he fixed the cable, he tuned the channels on the television and hooked up the video tape recorder.

The next day Nalls came home from school and found appellant in her son's bedroom. She asked him what he was doing. He told her to shut up. He grabbed her and pushed her into the living room, at which time she noticed the video tape recorder was missing. Appellant shoved Nalls' head against the wall with such force that a hole was made in the dry wall. As Nalls fell to the floor, appellant obtained a barbecue fork from the kitchen. Nalls attempted to escape and appellant pinned her down on the floor and stabbed her several times in the chest. He then wrapped the telephone cord around her neck and attempted to choke her four times, but the cord broke each time he pulled it tight.

Appellant then went into the bathroom and returned with an object with which he attempted to cut Nalls' neck. He left the apartment building and Nalls went downstairs to obtain help from a neighbor. The neighbor became upset when Nalls appeared at the door because Nalls had a pair of scissors stuck in her neck down to the handle with the blade protruding out the other side.

Still conscious, Nalls explained to the neighbor that appellant attacked her. When police arrived, Nalls told them that appellant was her attacker, gave a description of him, and told them where he lived. Before Nalls was transported to the hospital, police returned with appellant and Nalls identified him as her attacker. Nalls testified at trial that there was no doubt in her mind that appellant was the man who attacked her.

Police Officer Larry Jones testified that when they apprehended appellant he seemed nervous, his skin was wet or sweaty and he had fresh blood on his clothing. The blood found on appellant's clothing was analyzed and determined to be consistent with his blood type and inconsistent with that of Nalls.

The sole contention appellant makes on appeal is that the evidence is insufficient to support his conviction. He believes that the evidence concerning the type of blood found on his clothing prohibits a finding of his guilt beyond a reasonable doubt.

Appellant concedes that this Court will not reweigh the evidence or judge the credibility of the witnesses. *Herrod v. State* (1986), Ind., 491 N.E.2d 538. We cannot agree with appellant that because the blood found on him did not match the victim's type, his conviction should be reversed. The uncorroborated testimony of the victim is sufficient to sustain a conviction. *Smith v. State* (1982), Ind., 432 N.E.2d 1363. Considering Nalls' long association with appellant and her immediate identification of him as her attacker to her neighbor, the police and again at trial, we find the evidence is sufficient to support appellant's conviction.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.