**Lenora POINDEXTER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 71S00–8802–CR–175.**

Supreme Court of Indiana.

Dec. 6, 1988.

James F. Korpal, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Murder, for which she received a forty (40) year sentence.

The facts are: On the afternoon of February 4, 1987, Frankie Brown, Mike Kuykendall, and Edward Pheifer drove to appellant's apartment. Appellant, her five-year-old grandson, and Alexander Lawson, Jr., the victim in this case, were also at the apartment. The adults sat in the living room drinking, except the victim who was in the bedroom. At one time, Brown and the grandson left to buy more liquor. The victim, who was drunk, came out of the bedroom and fell on the floor. When Brown returned, he picked up the victim, and appellant took him into the bedroom.

Brown and Kuykendall left the apartment; Pheifer, however, stayed. Pheifer testified that shortly appellant came out of the bedroom and stated that she had stabbed the victim in the neck. She asked Pheifer to say that he had done it. When Pheifer asked for the knife appellant was holding, she stated that she would kill him too. Pheifer testified that the victim staggered from the bedroom bleeding profusely from a wound in his upper chest, that he tried to speak but could not, and that he then returned to the bedroom. Appellant took her grandson and ran from the apartment.

Police and medics were called. However, when they arrived, the victim was dead. An autopsy revealed he had died of acute blood loss as a result of a stab wound in the chest.

 Appellant claims the trial court erred in denying her motion in limine with regard to an incident which took place in December of 1986 between appellant and the victim. The State submitted evidence that during that altercation appellant cut the victim on the hand.

Appellant argues it was error for the trial court to permit such evidence, citing the proposition of law that evidence of separate and distinct crimes is inadmissible to prove the defendant is guilty of the offense as charged. *Meeker v. State* (1979), 182 Ind.App. 292, 395 N.E.2d 301. Although this is a true statement of the law, there are exceptions to that rule. One of the exceptions is that evidence of a defendant's

prior assault or battery or threats made to a homicide victim is admissible to show motive or intent. *King v. State* (1987), Ind., 508 N.E.2d 1259; *Romine v. State* (1983), Ind., 455 N.E.2d 911.

The trial court did not err in permitting the evidence of the 1986 altercation.

 Appellant contends the verdict of . the jury is not supported by sufficient evidence. Pheifer and appellant told conflicting stories concerning the stabbing of the victim. Each blamed the other. This conflict in the evidence was placed squarely before the jury. They had the opportunity to observe the demeanor of each of the witnesses and to weigh the credibility of their version of the occurrence. Under such circumstances, this Court will not undertake to substitute its judgment for that of the jury. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

The evidence in this case is sufficient to support the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.