**David MEYERS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 81S00–8808–CR–695.**

Supreme Court of Indiana.

Dec. 13, 1989.

Keith A. Dilworth, Richmond, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A trial to the court without a jury resulted in the conviction of appellant of Murder, for which he received a sentence of forty (40) years.

The facts are: Appellant and Angela Dawn Boughner had been romantically involved, but the relationship had deteriorated. They had argued at a drive-in restaurant where appellant had shoved Boughner against a car. In another instance, appellant argued with a man who had danced with Boughner and told the man that he had something in his car to take care of him. Appellant later told the same man that he would blow his brains out if he did not leave his presence.

Appellant stated numerous times that Boughner was going to get it and that if he could not have her nobody would. On several occasions, appellant told Boughner he would kill her. He also followed her on several occasions. On one occasion, he hit her in the mouth with his fist causing her mouth to bleed.

On August 31, 1986, appellant and Boughner arrived separately at a party in Union County. Appellant asked Boughner to accompany him to his house, but she refused. He stated that she would pay for what she had done to him. He later grabbed her by the arm and asked her to go with him. When she again refused, he told her she would wish that she had come. That night he stated to others that Boughner was going to get it.

During the course of the evening, Boughner turned her attention to Michael Boulware. When she went with Boulware to his automobile, appellant followed. This led to another argument between appellant and Boughner. She asked him to leave but he refused. Boulware and Boughner then pretended to leave in Boulware's car but actually circled the area and parked in a different location. They again were approached by appellant, and as Boughner sat in the passenger seat with the door open, appellant called her name. A shot then was fired which killed Boughner. Appellant immediately fled the scene, hid the pistol under a storage shed, and retreated to his home where he locked himself in a bedroom.

When officers took appellant into custody, he first denied he had attended the party and denied knowledge of any gun or any injury to any person. However, he eventually showed the officers where the gun was hidden, admitted he had fired the shot, but did not immediately claim that it was accidentally fired. However, his defense at trial was that the shot was fired accidentally. Firearms experts testified that the gun was in good working order, that both safeties operated properly, and that the trigger had a six-pound pull.

Appellant claims there is insufficient evidence to support the State's case, claiming there is no evidence that he fired the shot intentionally. The evidence as above recited is ample evidence to support the trial court's finding that appellant in fact deliberately fired the shot from a distance of approximately two feet and that the shot was the cause of the victim's death.

The fact that appellant claimed that the gun fired accidentally was a presentation of evidence which conflicted with the direct and circumstantial evidence involving the shooting. It was the prerogative of

the trial court to weigh such conflicting evidence and determine the credibility of the witnesses. *Herrod v. State* (1986), Ind., 491 N.E.2d 538.

In order to affirm a trial court under these circumstances, it is not necessary that this Court find that the evidence excludes every reasonable hypothesis of innocence. We need only find that inferences may reasonably be drawn which support the findings of the trial court. *McCann v. State* (1984), Ind., 466 N.E.2d 421.

 Appellant contends there is no evidence that he knowingly fired the shot. However, intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily harm. *Leary v. State* (1988), Ind., 524 N.E.2d 307. The trial court was entitled to take into consideration prior assaults, batteries, or threats made to the victim as evidence showing motive or intent. *Poindexter v. State* (1988), Ind., 531 N.E.2d 188.

The trial court also was entitled to take into consideration the fact that appellant immediately fled the scene of the crime and offered no aid to the victim as evidence of consciousness of guilt. *Jones v. State* (1985), Ind., 485 N.E.2d 627. There is ample evidence in this record to support the findings of fact of the trial court.

Appellant claims the trial court's findings of fact clearly demonstrate that the court did not presume appellant innocent until his guilt was proven beyond a reasonable doubt nor did the trial court consider the evidence of appellant's defense. He bases this claim on the fact that the findings by the trial court did not negate every facet of his claimed defense. Appellant claims that Ind.R.Tr.P. 52 is applicable to criminal cases and is analogous to Ind.R.P.C.R. 1 § 6.

Indiana Rules of Procedure for Post-conviction Relief Remedies, Rule 1, provides that the court shall make specific findings of fact and conclusions of law on all issues presented. However, the Court of Appeals has properly held that Ind.R.Tr.P. 52 is not applicable to criminal cases. *Neeley v. State* (1973), 156 Ind.App. 489, 297 N.E.2d 847.

 At the close of the evidence in this case, appellant filed a motion asking the trial court to make conclusions of law and findings of fact, which motion was granted and the court undertook to do the same. However, in making such findings of fact and conclusions of law, it was not necessary for the trial court to negate every self-serving piece of evidence presented by appellant. It was sufficient for the trial judge to state his findings of fact which supported his decision. In doing so, the trial court clearly left an inference that he was finding against appellant on his claim of accidental shooting. *See Tomlin v. State* (1975), 163 Ind.App. 559, 325 N.E.2d 516.

The fact that appellant made the request for specific findings of fact and the trial court granted such a request, does not automatically bring the case within the requirements of Ind.R.P.C.R. 1 § 6.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.