**Jerry C. WILSON, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 09A05–9206–CR–203.

Court of Appeals of Indiana,
Fifth District.

March 29, 1993.

Rehearing Denied May 12, 1993.

Transfer Denied June 30, 1993.

John F. Ittenbach, Sheeks, Ittenbach & Johnson, Indianapolis, Courtney B. Justice, Logansport, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Jerry C. Wilson appeals his convictions following a jury trial of two counts of attempted murder and one count of possession of an explosive. We consolidate and restate the issues he raises as:

1. Whether Wilson is entitled to a new trial because the trial court erroneously instructed the jury on the elements of attempted murder;

2. Whether the evidence is sufficient to support Wilson's conviction of attempted murder of Stephanie Whitmore;

3. Whether the trial court erroneously admitted State's Exhibits 27, 28, 31, 32 and 33;

4. Whether the trial court erroneously entered judgment and sentenced Wilson for his conviction of possession of an explosive because it is a lesser included offense of the attempted murder charge; and

5. Whether the sentences imposed by the trial court are manifestly unreasonable.

We affirm in part and reverse in part.

## FACTS

Viewed most favorably to the State, the facts are as follows. On August 23, 1991, Bill McKay and 15 year-old Stephanie Whitmore drove to the roller skating rink in Logansport, Indiana, to determine whether

it would be a suitable place for a church youth outing. McKay and Whitmore were members of the Bible Tabernacle Church in Monticello, Indiana. While McKay and Whitmore were in the skating rink, Jerry Wilson, pastor of the Bible Tabernacle Church, attached a homemade bomb under McKay's car on the gas tank. The bomb was rigged such that it would explode when the car was backed out of its parking place adjacent to the skating rink. The bomb was discovered shortly after it was attached and was removed by Indiana State Police explosives experts without incident. Wilson's fingerprints were discovered on the bomb and tape used to make the bomb came from rolls of tape found in Wilson's garage.

Wilson had had an affair with Kim McKay, Bill's wife and a secretary at the church. When Kim wanted to terminate the relationship in June of 1991, Wilson told Kim that he would tell the church congregation, as well as her husband, about their relationship. The day or two before going to the skating rink with McKay, Stephanie Whitmore had discussed with Wilson going to the rink with McKay, but did not tell him exactly when the two were planning to go. Other facts will be presented where necessary.

ATTEMPTED MURDER INSTRUCTION

Wilson first argues that the trial court erroneously instructed the jury on the elements of attempted murder. We note that Wilson did not object to the instructions given at trial. To get around this obstacle to review, Wilson claims that the error was fundamental and that his trial counsel was ineffective for failing to object to the instructions.

■ In order to rise to fundamental error, the error must constitute a clearly blatant violation of basic and elementary principles, and the prejudice therefrom must be so substantial that the defendant was denied a fair trial. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068, 1072, *reh'g denied; Solomon v. State* (1991), Ind.App., 570 N.E.2d 1293, 1297. To determine whether fundamental error occurred, we must consider the effect of the error on the trial as a whole. *Kremer,* 514 N.E.2d at 1072.

■ Similarly, when claiming that counsel has been ineffective, the defendant must show not only that counsel's performance was deficient, but also that the deficient performance prejudiced the defense. *May v. State* (1991), Ind.App., 578 N.E.2d 716, 721. A mere assertion of error, absent evidence of prejudice, will not support a claim of ineffective assistance of counsel. *Isom v. State* (1992), Ind.App., 585 N.E.2d 1347, 1350. Appellate review under the prejudice prong for determining ineffective assistance of counsel is fact sensitive. The reviewing court must consider the totality of the evidence. *Morrison v. State* (1992), Ind.App., 588 N.E.2d 527, 531.

Thus, under both the fundamental error doctrine and an ineffective assistance of counsel claim, the defendant will not be entitled to a new trial unless counsel failed to object to an error at trial that resulted in prejudice to the defendant. With this standard in mind, we turn to Wilson's claim. Wilson was charged with two counts of attempted murder. Count I alleged that he attempted to kill Bill McKay and Count II alleged that he attempted to kill Stephanie Whitmore. The trial court's preliminary instruction to the jury stated:

The statute defining the offense of Attempt to Commit Murder with which the Defendant is charged reads in pertinent parts:

Indiana Code 35-41-5-1

A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a Class A Felony.

To convict Defendant of Count I, Attempt to Commit Murder, the State must prove each of the following essential elements beyond a reasonable doubt:

That Jerry C. Wilson

(1) did engage in conduct that constituted a substantial step toward the commission of the crime of Murder

(2) by knowingly or intentionally attaching a bomb to the car being utilized by William McKay

(3) in an attempt to kill him

\*  \*  \*  \*  \*  \*

To convict the Defendant of Count II, Attempt to Commit Murder, a Class A Felony, the State must prove each of the following essential elements beyond a reasonable doubt:

That Jerry C. Wilson

(1) did engage in conduct that constituted a substantial step toward the commission of the crime of Murder

(2) by knowingly or intentionally attaching a bomb to the car being utilized by William McKay

(3) wherein Stephanie Whitmore was a passenger

(4) in an attempt to kill her

\*  \*  \*  \*  \*  \*

(R. 140–141).

Wilson's counsel tendered a final instruction to the jury that stated that the State must prove that the defendant, with intent to kill the victim, engaged in conduct which was a substantial step toward such killing. The trial court incorporated this instruction into its final instructions to the jury as follows:

The statute defining the offense of Murder, I.C. 35–42–1–1, reads in pertinent parts:

(1) A person who knowingly or intentionally kills another human being ... commits murder, a felony. I.C. 35–41–1–14 defines "human being" to mean "an individual who has been born and is alive."

The statute defining the offense of Attempt to Commit Murder with which the Defendant is charged reads in pertinent parts:

Indiana Code 35–41–5–1

A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a Class A Felony.

The State must prove beyond a reasonable doubt that the defendant, with intent to kill the victim, engaged in conduct which was a substantial step toward such killing.

To convict the Defendant of Count I, Attempt to Commit Murder, the State must prove each of the following essential elements beyond a reasonable doubt:

That Jerry C. Wilson

(1) did engage in conduct that constituted a substantial step toward commission of the crime of Murder

(2) by knowingly or intentionally attaching a bomb to the car being utilized by William McKay

(3) in an attempt to kill him

If the State fails to prove any of the elements for Count I, Attempt to Commit Murder, a Class A Felony, beyond a reasonable doubt, you should find the Defendant not guilty of Count I, Attempt to Commit Murder, a Class A Felony.

If the State proves each of the elements beyond a reasonable doubt, you should find the Defendant guilty of Count I, Attempt to Commit Murder, a Class A Felony.

To convict the Defendant of Count II, Attempt to Commit Murder, a Class A Felony, the State must prove each of the following essential elements beyond a reasonable doubt:

That Jerry C. Wilson

(1) did engage in conduct that constituted a substantial step toward commission of the crime of Murder

(2) by knowingly or intentionally attaching a bomb to the car being utilized by William McKay

(3) wherein Stephanie Whitmore was a passenger

(4) in an attempt to kill her

If the State fails to prove any of the elements for Count II, Attempt to Com-

mit Murder, a Class A Felony, beyond a reasonable doubt, you should find the Defendant not guilty of Count II, Attempt to Commit Murder, a Class A Felony.

If the State proves each of the elements beyond a reasonable doubt, you should find the Defendant guilty of Count II, Attempt to Commit Murder, a Class A Felony.

(R. 162–163). The jury was also instructed that it must continue to believe the defendant is innocent "unless the State proves the defendant is guilty beyond a reasonable doubt of every essential element of the crime charged." (R. 169)

Wilson argues that the instructions do not adequately inform the jury that the specific intent to kill is a necessary element of attempted murder and that, at best, the instructions are confusing and misleading. In order to convict a defendant of attempted murder, the trial court is required to inform the jury that it must find that the defendant had the specific intent to kill the victim and the failure to so instruct the jury is fundamental error. *Woodcox v. State* (1992), Ind., 591 N.E.2d 1019, 1023. It is not necessarily fundamental error, however, if the trial court fails to use the words "intent to kill," as long as the instructions adequately convey the State's burden to prove intent to kill. *Id.* Thus, the Supreme Court held it was not fundamental error where the jury was instructed that the State must prove that the defendant was "attempting to kill" the victim. *Jackson v. State* (1991), Ind., 575 N.E.2d 617; *Allen v. State* (1991), Ind., 575 N.E.2d 615. "While 'attempting to kill' is not synonymous with 'intending to kill,' we believe that no significant potential for harm resulted from the substitution of 'attempting' for 'intending' in this case." *Jackson*, 575 N.E.2d at 621. "[B]y definition, there can be no 'attempt' to perform an act unless there is a simultaneous 'intent' to accomplish such act." *Id.* (quoting *Spradlin v. State* (1991), Ind., 569 N.E.2d 948, 951). Further, in both *Jackson* and *Allen*, the primary issue at trial was one of identity rather than whether the defendant intended to kill the victim.

Here, the preliminary instructions were erroneous because the trial court did not instruct the jury that the "intent to kill" was an element of attempted murder. However, as in *Jackson* and *Allen*, the jury was instructed that the State must prove Wilson was "attempting to kill" McKay and Whitmore. The final instructions repeated the "attempting to kill" language, but the trial court also informed the jury that the State had to prove beyond a reasonable doubt that Wilson "intended to kill" the victim. We set out the instructions at such length above to show clearly that this "intent to kill" language was not incorporated into the trial court's instructions on the essential elements of each count of attempted murder. If it had been, there is no question that the instructions would have been correct. Our task is to determine whether the instructions as given adequately informed the jury of the specific intent to kill element as to each victim or confused and mislead the jury to the extent that Wilson was prejudiced.

Following the reasoning in *Jackson*, we conclude that the instructions as given, while erroneous, do not rise to the level of fundamental error. As to both victims, the jury was instructed that essential elements of attempted murder were that Wilson "knowingly or intentionally" "attempted to kill" McKay and Whitmore by attaching a bomb to the car utilized by McKay and in which Whitmore was a passenger. Further, at trial the issue was whether Wilson was the man who attached the bomb to the car, not whether Wilson intended to kill McKay and Whitmore. Thus, the instructions, without regard to the specific intent to kill instruction tendered by Wilson's counsel and given by the trial court, adequately informed the jury of the specific intent to kill element. We do not agree with Wilson's contention that the jury was confused by a further general instruction that the State was required to prove beyond a reasonable doubt that Wilson had the "intent to kill" the victim.

Although the instructions given by the trial court were erroneous and Wilson's counsel was deficient in failing to object to

them, Wilson's claims of fundamental error and ineffective assistance of counsel fail because Wilson has not shown that he was prejudiced.

## SUFFICIENCY OF EVIDENCE

■ Wilson next raises the issue whether the evidence is sufficient to support his conviction for attempted murder of Whitmore. In reviewing the sufficiency of the evidence, we consider the evidence most favorable to the verdict together with all reasonable inferences which may be drawn from that evidence and, if there is substantial evidence of probative value to support each element of the offense, the judgment will be affirmed. *Lowrance v. State* (1991), Ind.App., 565 N.E.2d 375, 380. We neither reweigh the evidence nor rejudge the credibility of the witnesses. *Id.*

Intent is a mental function and, absent admission, it must be determined from a consideration of the defendant's conduct and the natural and usual consequences of such conduct. *Metzler v. State* (1989), Ind., 540 N.E.2d 606, 609. The intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily harm. *Meyers v. State* (1989), Ind., 547 N.E.2d 265, 267, *cert. denied*, 495 U.S. 921, 110 S.Ct. 1954, 109 L.Ed.2d 316 *reh'g denied*, 497 U.S. 1016, 110 S.Ct. 3262, 111 L.Ed.2d 772.

■ Wilson argues there is no evidence that he knew Whitmore was with McKay on the night the bomb was attached to the car and therefore, there is no evidence that he had the intent to kill Whitmore. The record does not bear this out. The jury was presented with evidence that Whitmore, concerned about McKay's status as a married man, had discussed with Wilson her going to the skating rink with McKay and Wilson told her she would "have to suffer the consequences." Wilson attached the bomb to McKay's car at the skating rink. It is a reasonable inference that Wilson knew Whitmore was with McKay because she had told Wilson she was going to the rink with McKay. Attaching a bomb to a car such that it will detonate when the car is operated is the use of a deadly weap-on in a manner likely to cause death or great bodily harm to any of the car's occupants. While there may have been no evidence of a motive to kill Whitmore, motive is not an element of the crime of attempted murder. *Armstrong v. State* (1982), Ind., 429 N.E.2d 647, 654. There was sufficient evidence from which the jury could infer that Wilson intended to kill Whitmore.

## EXHIBITS 27, 28, 31, 32 & 33

■ Wilson next contends that the trial court erroneously admitted State's Exhibits 27, 28, 31, 32 and 33 because the State failed to lay a proper foundation for their admission into evidence. Exhibits 27 and 28 are fingerprint impressions from the bomb. Wilson objected to their admission on the basis that a proper chain of custody had not been shown. Exhibits 31, 32 and 33 are photographs of the fingerprint impressions admitted as Exhibits 27 and 28. Wilson objected to the admission of these exhibits for the lack of a proper foundation, specifically, because the State did not connect the exhibits to Wilson. It is true that at the time the exhibits were admitted into evidence the State had not laid sufficient foundations for their admission. Thus, the trial court erred in admitting the exhibits. However, testimony given after the items were admitted into evidence closed the gaps in the chain of custody and connected the exhibits to the Wilson. Consequently, error in the premature admission of the exhibits was harmless. *Hooper v. State* (1983), Ind., 443 N.E.2d 822.

## LESSER INCLUDED OFFENSE

■ Wilson next argues that the trial court erroneously entered judgment on and sentenced him for his conviction of possession of an explosive because that offense is a lesser included offense of the attempted murder charge. Wilson was charged with and convicted of Counts I and II, attempted murder of McKay and Whitmore by attaching a bomb to the car they were utilizing and Count III, possession of an explosive or inflammable device with the knowledge that the item was to be used for an unlawful purpose.

■ Where conviction of the greater crime cannot be had without conviction of the lesser crime, double jeopardy considerations bar separate conviction and sentencing upon the lesser crime when sentencing is imposed upon the greater crime. *Mason v. State* (1989), Ind., 532 N.E.2d 1169, 1172, *cert. denied,* 490 U.S. 1049, 109 S.Ct. 1960, 104 L.Ed.2d 428; *Abron v. State* (1992), Ind.App., 591 N.E.2d 634, 636, *trans. denied.* Thus, possession of a narcotic drug is an inherently included lesser offense of dealing in a narcotic drug because it is impossible to commit dealing without committing possession. *Mason,* 532 N.E.2d at 1172; *Abron,* 591 N.E.2d at 636.

■ Double jeopardy considerations also bar separate convictions and sentencing when the offenses are charged in a manner that the lesser crime is an element of the greater crime. *Tawney v. State* (1982), Ind., 439 N.E.2d 582, 588. Thus, in *Tawney,* the court vacated the sentence for battery where the defendant had been convicted and sentenced for robbery and battery. The information for robbery charged that the defendant took a wallet from the victim "by using force ... [and] it resulted in bodily injury...." *Id.* The information for battery charged that the defendant "touch[ed] another person in a rude or insolent manner, ... said offense being a Class C felony because it was committed by means of a deadly weapon...." *Id.* The court concluded: "From an examination of these charges, it is apparent that the battery charge was the 'force' allegedly employed in the commission of the robbery charged. The battery was not merely an offense that occurred in the same criminal episode, it was a necessary element of the robbery, *as charged.*" *Id.* (emphasis in original).

We have a similar situation here. While possession of an explosive is not an inherently included offense of attempted murder, *as charged* in this case the possession of the explosive was an element of the attempted murder charge because Wilson was charged with attempt to commit murder by *attaching a bomb* to the car. Accordingly, the conviction of and sentence for possession of an explosive must be vacated.

## UNREASONABLE SENTENCE

■ Wilson's last argument is a claim that the sentence imposed by the trial court is manifestly unreasonable. The trial court sentenced Wilson to fifty years on each of the attempted murder convictions and eight years on the possession conviction, all sentences to run consecutively for a total term of 108 years. We have reversed the eight-year sentence for possession so we will review Wilson's remaining 100–year sentence.

A reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable, meaning "no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed." App.R. 17(B); *Moore v. State* (1991), Ind.App., 569 N.E.2d 695, *trans. denied.* Here, the trial court enhanced each of the presumptive 30–year sentences for attempted murder by twenty years and ordered the sentences to run consecutively. Wilson does not claim that the trial court did not provide a sufficient statement of the reasons for enhancing the sentences or running them consecutively. He argues that the sentence is unreasonable based on the nature of the offense and Wilson's character, pointing to the facts that he is a 48 year old first time offender and that no one was hurt.

The transcript of the sentencing hearing reveals that the trial court gave painstaking consideration to all mitigating and aggravating factors in determining the sentence to impose on Wilson. The trial court considered that Wilson had an exemplary past and had many supporters who wrote letters to the court on Wilson's behalf. The trial court determined, however, that Wilson's past good character was far outweighed by the nature of the offense. The trial court pointed to the fact that by attaching a bomb to the car parked in such close proximity to the skating rink, Wilson showed a total disregard for the people inside the rink who could have been

harmed if the bomb exploded. The trial court likened Wilson's conduct to that of a terrorist. The trial court also noted the position of trust Wilson held with Whitmore. We agree with the trial court and conclude that the 100–year sentence is not unreasonable.

AFFIRMED IN PART AND REVERSED IN PART.

RUCKER and FRIEDLANDER, JJ., concur.