Donald E. NORDSTROM,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 75A05–9209–CR–336.

Court of Appeals of Indiana,
Fifth District.

Feb. 9, 1994.

Transfer Denied April 8, 1994.

J.J. Paul, III, Frederick Vaiana, Ober, Symmes, Cardwell, Voyles & Zahn, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

After trial by jury Donald E. Nordstrom was convicted of Reckless Homicide, a Class C felony[1], for which he received an eight-year sentence. He now appeals raising three issues for our review which we rephrase as follows:

1) Did the trial court's jury instruction on the defense of mistake of fact require reversal?

2) Did Nordstrom receive ineffective assistance of counsel?

3) Did the trial court properly weigh aggravating and mitigating factors in imposing sentence?

We affirm.

The record reveals on October 9, 1991, Nordstrom's wife, Anna, asked Nordstrom to shoot a stray cat which had become a nuisance. Retrieving a .25 calibre semi-automatic handgun from a dresser drawer, Nordstrom opened the back door and fired at the animal. He returned to the kitchen where he and his wife had been talking, removed the clip from the gun and placed the gun on the kitchen table. After briefly talking to Anna, Nordstrom picked up the gun, aimed it at her, and pulled the trigger. The gun fired and a bullet struck Anna in the neck. Anna was transported to a local hospital where she died of her injuries. A jury convicted Nordstrom of Reckless Homicide, and this appeal ensued in due course. Additional facts are discussed below where necessary.

## I.

Nordstrom first challenges the trial court's Final Instruction No. 16 concerning a mistake of fact defense. The instruction reads in relevant part:

It is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact, if the mistake negates the culpability (criminal intent) required for commission of the offense.

To negate "criminal intent" the mistake of fact must be honestly and reasonably held under all the facts.

If the State proves beyond a reasonable doubt, each element of the charge, then the [S]tate has disproved this defense.

---

1. Ind.Code § 35-42-1-5.

*Record* at 168. According to Nordstrom the instruction is flawed for two reasons: (1) it is an incorrect statement of law because it does not require the State to disprove the mistake of fact defense beyond a reasonable doubt, and (2) it informs the jury the mistake must negate criminal intent. Nordstrom points out that the culpability required for the offense in this case is "recklessness" and thus any mention of "criminal intent" is erroneous.

■■■ We first observe, and Nordstrom concedes, that we must review the question of whether the jury instruction was erroneous under the fundamental error rule. This is so because although Nordstrom initially tendered his own instruction, which was refused, he did not object to the instruction given by the trial court. If a defendant does not object to a jury instruction at trial, then any error predicated on giving the instruction is waived unless giving the instruction rises to the level of fundamental error. *Faulsi v. State* (1992), Ind.App., 602 N.E.2d 1032, *trans. denied.* In order to be fundamental, error must be so prejudicial to the rights of the defendant that he could not have received a fair trial. *Howey v. State* (1990), Ind., 557 N.E.2d 1326. Fundamental error has also been characterized as error which constitutes a clear, blatant violation of basic and elementary principles, and the resulting harm or potential for harm must be substantial. *Grey v. State* (1990), Ind., 553 N.E.2d 1196, *reh'g denied.*

■■■ The defense of mistake of fact is comprised of three elements: 1) the mistake must be honest and reasonable, 2) the mistake is about a matter of fact, and 3) the mistake serves to negate the culpability required for the offense. *Smith v. State* (1985), Ind., 477 N.E.2d 857. The State retains the ultimate burden of disproving the defense beyond a reasonable doubt. *Hoskins v. State* (1990), Ind., 563 N.E.2d 571, 576. The instruction here is erroneous. As Nordstrom correctly notes the instruction does not require the State to disprove the mistake of fact defense beyond a reasonable doubt, and it informs the jury the mistake must negate criminal intent although the culpability required for the offense in this case is recklessness.

However, our inquiry does not end here. According to Nordstrom he honestly and reasonably believed that the pistol would not fire with the clip removed. Thus, the argument continues, he carried his burden of proving the mistake of fact defense and the trial court's erroneous instruction resulted in a jury verdict which must be reversed. Nordstrom's argument is unpersuasive.

■■■ Even assuming Nordstrom reasonably believed the weapon would not fire without its clip, that belief did not establish Nordstrom's lack of recklessness. That is, it did not negate the culpability required for the offense. A person acts recklessly if he or she engages in conduct in plain, conscious, and unjustifiable disregard of harm that might result and such conduct involves a substantial deviation from acceptable standards of conduct. *McClaskey v. State* (1989), Ind., 540 N.E.2d 41, 45. It is not an acceptable standard of conduct to point a handgun at a person and pull the trigger. Such conduct is inherently reckless whether or not the gun is loaded. The record in this case is clear. Nordstrom went outside his house and fired a .25 calibre semi-automatic pistol at a cat. After returning to the kitchen and removing the clip, Nordstrom pointed the gun at his wife and pulled the trigger. A bullet struck his wife in the neck and she died as a result. The State proved the elements of reckless homicide beyond a reasonable doubt. A correct instruction on the mistake of fact defense would not have altered the outcome of the trial.

Because Nordstrom has not demonstrated substantial harm, any error in giving the mistake of fact instruction was not fundamental.

## II.

Nordstrom next contends that he was denied effective assistance of counsel. He complains that his trial attorney: (a) failed to object to the trial court's instruction on the mistake of fact defense, (b) failed to object to alleged vouching testimony, and (c) failed to object to evidence concerning Nordstrom's

prior criminal convictions, and elicited similar evidence from Nordstrom on direct examination.

In reviewing a claim of ineffective assistance of counsel, we initially presume that counsel's representation is within the wide range of reasonable professional assistance. *Dillon v. State* (1986), Ind., 492 N.E.2d 661. The defendant has the burden to rebut the presumption of competence with strong and convincing evidence. *Burr v. State* (1986), Ind., 492 N.E.2d 306. The defendant must show not only that counsel's performance was deficient, but also that the deficient performance prejudiced the defense. *Wilson v. State* (1993), Ind.App., 611 N.E.2d 160, *trans. denied.* A mere assertion of error, absent evidence of prejudice, will not support a claim of ineffective assistance of counsel. *Id.*

### A.

Concerning the instruction on the mistake of fact defense, we have already determined that giving the instruction was not fundamental error. Thus, even assuming without deciding trial counsel's performance was deficient for failing to object to the instruction, Nordstrom's ineffective assistance claim must nonetheless fail because he has not shown that he was prejudiced.

### B.

During the State's case-in-chief, Officer Arland Boyd testified that during post arrest questioning he advised Nordstrom that he did not believe Nordstrom's account of events surrounding the shooting. The officer advised Nordstrom to "tell me the truth." Officer Boyd also testified to inconsistencies in Nordstrom's story, what they meant, and why they were of concern to the Officer. Nordstrom complains Officer Boyd's testimony was vouching in nature and counsel rendered ineffective assistance in failing to object to it. We disagree.

There is no question that neither lay nor expert witnesses are competent to testify that another witness is or is not telling the truth. *Shepherd v. State* (1989), Ind., 538 N.E.2d 242, *reh'g denied.* Such testimony is highly improper and invades the province of the jury in determining what weight to place on a witness's testimony. *Head v. State* (1988), Ind., 519 N.E.2d 151. Here, however, taken in context, it is clear Officer Boyd was not testifying as to Nordstrom's truthfulness as a witness. Rather, Officer Boyd was merely repeating statements he had made to Nordstrom during questioning, commenting on his own role in the investigation and explaining the inherent inconsistencies in Nordstrom's various accounts of the shooting. Officer Boyd testified that each time Nordstrom was confronted with an inconsistency, he would change his account of the events. For example, Nordstrom initially told the Officer that he did not drink any alcoholic beverages on the afternoon of the shooting. Later, Nordstrom changed his story and admitted that he consumed between two and three drinks before he shot his wife. Initially, Nordstrom failed to mention that his wife attempted to duck before being shot. Nordstrom later admitted this fact after he was confronted with the apparent angle of the bullet.

In order to establish an ineffective assistance claim based on counsel's failure to object, the defendant must show the objection would have been sustained if made. *Hill v. State* (1990), Ind., 561 N.E.2d 784, *reh'g denied.* Nordstrom has made no such showing here.

### C.

Officer Boyd testified that Nordstrom had been convicted of Operating a Vehicle While Intoxicated. The State introduced a tape recorded statement given by Nordstrom wherein he admitted the conviction and acknowledged he was on probation for that offense. Defense counsel expressly waived any objection to this testimony and elicited testimony from Nordstrom regarding the charge during the defense's presentation of evidence. According to Nordstrom, trial counsel was ineffective for failing to object to the testimony and by soliciting similar information from Nordstrom on direct examination.

Evidence of extrinsic offenses is generally inadmissible. *Brown v. State* (1991), Ind., 577 N.E.2d 221, 226, *cert. denied* (1992), — U.S. —, 113 S.Ct. 101, 121 L.Ed.2d 61. However, an objection to inadmissible evidence may be waived as part of reasonable trial strategy, which will not be second-guessed by this court. *Drake v. State* (1990), Ind., 563 N.E.2d 1286. In this case the jury had before it evidence that Nordstrom was not truthful when he first told investigators that he had not been drinking alcohol on the day he shot his wife. In an apparent effort to counterbalance this evidence, trial counsel allowed information to explain the reason for Nordstrom's lack of candor; namely, that Nordstrom was fearful of a probation revocation for a driving under the influence charge. We agree with the State, "[i]t certainly makes more sense to try to make the jury believe that he lied because of events unrelated to the shooting of his wife, rather than keep the evidence out and permit the jury to speculate that he lied about the alcohol because it somehow implicated him in the case of reckless homicide." *Brief of Appellee,* p. 21.

Trial counsel's failure to object to the extrinsic offense evidence as well as his soliciting similar evidence in the defense's case-in-chief was clearly a matter of trial strategy which obviously did not work in this instance. However, unsuccessful defense strategy does not always indicate that the strategy was a poor one, nor does it indicate ineffectiveness of counsel. *Fugate v. State* (1993), Ind., 608 N.E.2d 1370. Nordstrom has not shown that counsel's representation on this issue was deficient.

Nordstrom also sets forth a laundry list of fifteen additional instances of alleged deficiencies on the part of trial counsel which he claims collectively amounts to ineffective assistance. However, other than citing portions of the record where the alleged deficiencies occurred, Nordstrom presents neither cogent argument nor citation to relevant authority in support of his position. The issues are waived. *Wall v. State* (1991), Ind., 573 N.E.2d 890.

## III.

Finally, Nordstrom complains the trial court imposed an eight-year maximum sentence for reckless homicide without properly balancing aggravating and mitigating factors. Nordstrom also asserts the trial court used an "untrue" aggravating factor.

The record reveals on May 28, 1992, the trial court entered its sentencing order. Thereafter, on June 22, 1992, the trial court amended the order and entered a sentencing statement which reads in relevant part:

> Now, Mr. Nordstrom, I apologize to you for having to bring you back over here. And, to counsel also, but thought it was necessary to straighten out the record. Let the record show now, the Court now sets aside the sentencing of May 28th on the ground that the Court had made an error in the progression of the aggravating circumstances and that sentencing order is now set aside. The Court does now enter judgment on the jury verdict of guilty of reckless homicide, a Class C Felony. The Court does find aggravating circumstances in that the act of this case was committed while the defendant was on probation. And the act in this case was committed while the defendant had a probation violation hearing pending. And the Court does now sentence the defendant to the Department of Correction for a period of eight years.

*Record* at 857.

We first observe the trial court is not obligated to make a finding of mitigating factors nor explain why it has chosen not to do so. *Avance v. State* (1991), Ind., 567 N.E.2d 1149. Rather, the trial judge may not ignore facts in the record which mitigate the offense. *Dockery v. State* (1987), Ind. App., 504 N.E.2d 291. Failure to find mitigating circumstances when clearly supported by the record may imply that they were overlooked and not properly considered. *Scheckel v. State* (1993), Ind., 620 N.E.2d 681. Here, the trial court did not discuss, evaluate, nor make a finding of mitigating factors. However, Nordstrom neither explains what mitigating factors the trial court failed to consider nor whether any such factors are

clearly supported by the record. We find no error here.

Regarding the allegedly "untrue" aggravating factor, Nordstrom contends that his probation for a previous conviction of Operating a Vehicle While Intoxicated had expired in July, 1991. He complains, "Appellant does not understand the finding that he was on probation at the time of the incident." *Brief of Appellant,* p. 34. The pre-sentence report on which the trial court partly relied in imposing sentence dictates, among other things, "[w]hen the instant offense was committed the defendant was on Probation." *Record* at 175. During trial, Nordstrom took the stand in his own defense and admitted he was on probation at the time he was charged in this case. Further, at the sentencing hearing, counsel for Nordstrom acknowledged receipt of the pre-sentence report and when asked by the trial judge if there were any objections or corrections counsel responded, "None whatsoever." *Record* at 844.

 There is no question that a defendant has the right to be sentenced based on accurate information. A sentence based on materially untrue assumptions violates due process. *Fugate v. State* (1987), Ind. App., 516 N.E.2d 75. In this case, without supporting authority, Nordstrom baldly asserts "it appears that at the time of this incident either [Nordstrom's] probation had terminated in July of 91, or it had been tolled...." *Brief of Appellant,* p. 34. Nordstrom has not demonstrated the inaccuracy of the pre-sentence report nor the statement on which the trial court relied.

 The trial court listed two aggravating factors in support of enhancing the presumptive five-year sentence to eight years. A single aggravating factor is sufficient. *Stewart v. State* (1988), Ind., 531 N.E.2d 1146.

Judgment affirmed.

BARTEAU and CHEZEM, JJ., concur.