Kevin COLEMAN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A05–9803–PC–174.

Court of Appeals of Indiana.

March 26, 1999.

Rehearing Denied June 2, 1999.

Kevin Coleman, Westville, Indiana, Appellant Pro Se.

Jeffrey A. Modisett, Attorney General of Indiana, James A. Garrard, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BROOK, Judge

### Case Summary

Appellant-defendant Kevin Coleman ("Coleman") appeals from the denial of his petition for post-conviction relief, arising from his conviction for attempted murder, a Class A felony. We affirm.

## Issues

Coleman presents four issues for review, which we combine and restate as follows:

(1) whether the trial court committed fundamental error in instructing the jury on attempted murder; and

(2) whether Coleman was denied effective assistance of trial and appellate counsel.

## Facts and Procedural History

A detailed recitation of the facts may be found in our supreme court's consideration of Coleman's direct appeal, in which he challenged the sufficiency of the evidence supporting his conviction. *Coleman v. State*, 520 N.E.2d 1270 (Ind.1988).

Sonia Nalls ("Nalls") had known Coleman for several years, having grown up "in the same neighborhood and played together as children." *Id.* at 1271. On January 22, 1985, Nalls came home from school to find Coleman in her apartment. Coleman pushed her into the living room and shoved her head against the wall with enough force to make a hole in the dry wall. He pinned Nalls to the floor, stabbed her several times in the chest with a barbecue fork, and attempted to choke her four times with a telephone cord. Coleman then plunged a pair of scissors into her neck and left the apartment. *Id.*

On January 23, 1985, Coleman was charged with attempted murder, a Class A felony. A jury trial was conducted on October 23, 1985. Before the State presented its case, the trial court read Preliminary Instruction No. 2 to the jury:

MURDER is defined by Statute in the State of Indiana as follows:

A person who knowingly or intentionally kills another human being, commits murder, a felony.

Preliminary Instruction No. 3 was read as follows:

ATTEMPT is defined by Statute in the State of Indiana as follows:

A person attempts to commit a crime when, acting with the culpability for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, the attempt to commit murder is a class A felony.

After the State presented its case-in-chief, Coleman rested his case without calling any witnesses. The trial court then read its final instructions to the jury, including Final Instruction No. 2:

MURDER is defined by Statute in the State of Indiana as follows:

A person who knowingly or intentionally kills another human being *or kills another human being while committing or attempting to commit arson, burglary, child molesting, criminal deviate conduct, kidnapping, rape, or robbery,* commits murder, a felony.

(Emphasis supplied.) Unlike Preliminary Instruction No. 2, this final instruction contained language describing the crime of felony murder under IND. CODE § 35–42–1–1 (see emphasis above); Coleman had never been charged with any of the enumerated crimes, but he failed to object to the instruction at trial. Final Instruction No. 3 regarding attempt was identical to its corresponding preliminary instruction.

On October 23, 1985, the jury found Coleman guilty of attempted murder. He was sentenced to the Indiana Department of Corrections for 50 years on November 5, 1985. Coleman filed a belated motion to correct errors on September 5, 1986, which was denied on November 10, 1986. Coleman filed a praecipe for an appeal on October 2, 1986, and the Indiana Supreme Court affirmed his conviction on April 6, 1988.[1] On May 31, 1994, Coleman filed his original petition for post-conviction relief, alleging for the first time that the trial court had erred in instructing the jury on attempted murder and that his trial and appellate counsel had been ineffective for failing to challenge the instruction. A post-conviction hearing was held on October 31, 1996. The trial court issued its findings of fact and conclusions of law on

---

1. Date of opinion shown on docket sheet as May 9, 1988.

February 27, 1998, denying Coleman's petition for post-conviction relief.

### Discussion and Decision

 Before reversing a negative judgment on post-conviction relief, this Court "must be convinced that the evidence as a whole was such that it leads unerringly and unmistakably to a decision opposite that reached" by the post-conviction court. *Canaan v. State*, 683 N.E.2d 227, 229 (Ind. 1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 2064, 141 L.Ed.2d 141 (1998). We consider only that evidence supporting the post-conviction court's decision, along with any reasonable inferences to be drawn therefrom. *McCullough v. State*, 672 N.E.2d 445, 447 (Ind.Ct.App.1996), *trans. denied* (1997). Where a defendant is afforded an opportunity to raise an issue on direct appeal and does not do so, that issue may not be considered as a basis for post-conviction relief. *See Canaan*, 683 N.E.2d at 235 (issue not raised at trial or on direct appeal "not available as a grounds for collateral attack").

Attempting to sidestep the issue of waiver, Coleman has framed his assertions in terms of fundamental error; we note that such error must "constitute a clearly blatant violation of basic and elementary principles, and the prejudice therefrom must be so substantial that the defendant was denied a fair trial." *Wilson v. State*, 611 N.E.2d 160, 162 (Ind.Ct.App.1993), *trans. denied*. Moreover, our supreme court has held that the scope of fundamental error for post-conviction petitions must generally be limited to "[d]eprivation of the Sixth Amendment right to effective assistance of counsel" or an issue "demonstrably unavailable" to the defendant at trial and on direct appeal. *Canaan*, 683 N.E.2d at 235–236, n. 6, *quoting Bailey v. State*, 472 N.E.2d 1260, 1263 (Ind.1985). Coleman could certainly have objected to the jury instruction at a much earlier stage in the judicial process and has thereby failed to preserve the issue for review; nevertheless,

we will address his contentions on the merits.

### I. Final Instruction No. 2 and fundamental error

 Coleman correctly observes that the instruction, as given, impermissibly allowed the jury to convict him of "attempted felony murder"—a crime that does not exist in Indiana. *Holland v. State*, 609 N.E.2d 429, 432 (Ind.Ct.App.1993). Felony murder does not require proof that a defendant specifically intended to commit murder; instead, it "requires only proof of the *mens rea* necessary for the underlying felony." *Armstrong v. State*, 540 N.E.2d 626, 627 (Ind.Ct.App. 1989), *trans. denied*. As noted above, Coleman was never charged for any of the underlying felony murder offenses. Furthermore, because the instruction permitted the jury to find that he "knowingly" engaged in conduct to kill Nalls, it did not advise them that they had to find that Coleman acted with the specific intent to kill. *See Swallows v. State*, 674 N.E.2d 1317, 1318 (Ind.1996); *Spradlin v. State*, 569 N.E.2d 948, 950 (Ind.1991). For these reasons, Coleman argues that the trial court's failure to give a proper instruction on attempted murder constitutes fundamental, reversible error.

 Our supreme court has noted, however, that "in cases on direct appeal where intent is not in issue, instructions which fail to advise the jury that specific intent to kill is required to convict a defendant of attempted murder do not necessarily constitute fundamental error." *Swallows*, 674 N.E.2d at 1318. *See also Blanche v. State*, 690 N.E.2d 709, 713 (Ind.1998) (identity, not intent, was at issue at trial; no error found on direct appeal); *Goudy v. State*, 689 N.E.2d 686, 697 (Ind.1997) (intent not at issue at trial; no error found).[2] As in *Swallows*, "because intent was not at issue at trial and because [Coleman] waited until post-conviction to raise the issue of specific intent," Final Instruction No. 2 "did not constitute fundamen-

---

2. In his brief, Coleman baldly asserts that intent was indeed at issue in his case. During his opening statement, Coleman's trial counsel remarked, "The main issue which you're going to have to decide today is going to be basically one of identity," referring to the fact that the blood found on Coleman shortly after he was arrested

did not match Nalls' type. *See Coleman*, 520 N.E.2d at 1271. During Coleman's post-conviction hearing, trial counsel stated, "I did not think an intent with the nature of the attack left any doubt that [the perpetrator] was trying to kill [Nalls]. And the facts that she testified to or how this crime occurred, none whatsoever."

tal error." 674 N.E.2d at 1318.[3] Given the indisputable evidence that Coleman intended to kill Nalls, the fact that the instruction contained the felony murder language and the term "knowingly" can only be considered harmless error.[4]

## II. Ineffective assistance of counsel

In claiming ineffective assistance of counsel, Coleman "must show not only that counsel's performance was deficient, but also that the deficient performance prejudiced the defense." *Wilson*, 611 N.E.2d at 162. "A mere assertion of error, absent evidence of prejudice, will not support a claim of ineffective assistance of counsel." *Id.* Because we have held that Final Instruction No. 2 did not constitute fundamental error, Coleman cannot show that he was prejudiced by his counsel's performance at trial or on appeal; therefore, we need not determine whether their performance was deficient. *See id.* at 164–165.

## Conclusion

For the foregoing reasons, we affirm the judgment of the post-conviction court.

Affirmed.

STATON, J., concurs.

RILEY, J., dissents with opinion.

RILEY, Judge, dissenting

I respectfully dissent. The majority fails to adequately address Coleman's contention that the trial court erred by reading the entire statutory definition of murder, which includes the definition of felony murder. The evidence at Coleman's trial revealed that a VCR, a television and three remote controls had been stolen from Nalls' apartment and that she apparently interrupted Coleman as he was burglarizing her apartment. Although Coleman was not formally charged with burglary, based upon this evidence and the felony murder portion of Final Instruction No. 2, the jury was permitted to convict Coleman of attempted murder ("attempted felony murder") if it believed Coleman committed or attempted to commit burglary. As the majority points out, the offense of "attempted felony murder" does not exist in Indiana, and felony murder, unlike the offense of attempted murder, does not require proof of a specific intent to kill. The question then becomes whether the jury found Coleman guilty based upon the first portion of the murder instruction (the definition of murder), or the latter portion of the murder instruction (the definition of felony murder). Obviously, we will never know the answer to this question. However, the fact that there is a possibility that the jury convicted Coleman based upon the latter portion of the instruction means that there is a corresponding possibility that the jury convicted Coleman on something less than a specific intent to kill. This is fundamental error. *Spradlin v. State*, 569 N.E.2d 948 (Ind.1991) (holding that the offense of attempted murder includes the requirement of a specific intent to kill). *See Armstrong v. State*, 540 N.E.2d 626 (Ind.Ct.App.1989) (holding that it was fundamental error for trial court to include the definition of felony murder when instructing jury on offense of attempted murder); *see also Holland v. State*, 609 N.E.2d 429 (Ind.Ct.App.1993) (holding that it was fundamental error for trial court to include

---

3. The supreme court further clarified its holding in *Swallows* in response to a request from Judge Najam of the Court of Appeals: "We, therefore, appreciate and agree with Judge Najam's conclusion that, in a post-conviction case, such as this, where only identity is challenged and intent is not in dispute, failure to instruct on specific intent does not constitute fundamental error." 674 N.E.2d at 1318.

4. We recognize that *Swallows* enunciates the proper standard for reviewing attempted murder cases in which the jury was not instructed on the issue of specific intent. However, we also note more generally that "fundamental error in giving jury instructions is subject to a harmless error analysis." *Moore v. State*, 649 N.E.2d 686, 689 (Ind.Ct.App.1995), *trans. denied.* "The court must review the record in its entirety to determine whether, based upon the evidence presented, an honest and fair-minded jury would have rendered a guilty verdict absent the use of the erroneous instruction." *Id.* In the case at bar, the jury unquestionably would have found Coleman guilty of attempted murder "absent the use of the erroneous instruction." We mention this analysis only to emphasize the harmless nature of the errors contained in Final Instruction No. 2.